A. Franklin Mahoney, J.
This is an article 78 proceeding wherein two New York State Troopers seek to annul, on constitutional grounds, the findings of the Superintendent of the State Police that each of the petitioners had violated section 8.20 of article 8 of the Regulations of the New York State Police.
Section 8.20 of the regulations, before amendment and as it existed at the time at issue, specifically prohibited members of the State Police from engaging in any other gainful occupation or business. Both petitioners concede that while so employed they did gainfully employ themselves elsewhere.
It is their position that the rule is unconstitutional, against public policy and is an abuse of the discretion allowed to the Superintendent of the State Police by subdivision 3 of section 215 of the Executive Law. That provision, among other things, delegates to the Superintendent the right to ‘ ‘ make rules and regulations subject to approval by the governor for the discipline and control of the New York state police ”.
The New York State Police is a quasi-military organization charged with the responsibility of protecting peoples of New York State and their property. The “ force ” is organized along military lines into troops which are officered by men with titles of “ Sergeant “ Captain ” and “ Colonel ”. The State Police operate in the field and are accountable to and disciplined by their superior officers. It would be wholly unrealistic to believe *104 that such an organization charged with such important responsibilities could operate other than under the direct control of the commander in the field, i.e., the Superintendent. To challenge the legislative grant to the Superintendent of the right to adopt rules and regulations for the conduct of the members of the force on constitutional grounds is to challenge the legislative duty of the State Legislature to pass such laws as will carry out the constitutional mandate to provide for the public safety. Subdivision 3 of section 215 of the Executive Law is the performance of a constitutional duty by the Legislature, not an unconstitutional delegation of authority.
While it is true that constitutional authority may be abused by arbitrary acts or by unwisely or unfairly applying the provision of the law or regulation adopted, I find no evidence of such abuse in these joint proceedings. The regulation under attack prohibited outside gainful employment because the Superintendent thought it in the best interest of the force and, therefore, of the people, to not only preserve the energies of the men but to avoid conflicts of interest that might arise if troopers, by reason of their outside employment, might have to enforce the law against an employer.
The fact that section 8.20 has been relaxed to the extent of permitting some outside employment with the consent and permission of the Superintendent does not brand the old regulation with the heinousness of being overly rigid and therefore constitutionally defective. This is particularly true when recognition is given to the fact that the type of work these petitioners engaged in is still condemned under the amended regulation.
Further, Troopers Smith and Masi were not the only troopers charged with violations of section 8.20. Approximately 15 other troopers entered pleas of guilty and suffered the same or similar punishment as was meted out to Troopers Smith and Masi.
Petitions dismissed.