■ In the Matter of BERNARD GORMAN et al., Respondents, v THOMAS F. McCoy, as State Administrator of the Judicial Conference of the State of

New York, Appellant.—Judgment, Supreme Court, New York County, entered March 9, 1971, granting petitioner's application, unanimously reversed, on the law, and the petition dismissed, without costs or disbursements. Petitioner Gorman was a court attendant in the former City Court of the City of New York, and petitioner Sommero was a uniformed court officer in the former Municipal Court. Both courts merged into the present Civil Court of the City of New York. The Administrative Board of the Judicial Conference established its classification plan for the unified court system effective July 1, 1966. Before the unified classification plan became effective, petitioner Gorman had been designated as "Captain of Court Attendants" and Sommero as "Captain of Uniformed Court Officers." Each petitioner claimed that by virtue of his previously held position he would be entitled to reclassification as a Senior Court Officer under the new system. However, the Administrative Board of the Judicial Conference redesignated each petitioner as a Uniformed Court Officer. The petitioners brought an article 78 proceeding to challenge this administrative determination. Special Term found in favor of the petitioners and directed that their titles be converted to that of Senior Court Officers retroactive to July 1, 1966. We would reverse that determination. It is now beyond cavil that performance of duties out of title creates no right to automatic reclassification to a new position involving these very same duties (*Matter of Ainsberg v McCoy*, 26 NY2d 56; *Matter of Roistacher v McCoy*, 32 NY2d 479). It is conceded in the petition that the designation of each petitioner as captain was not a civil service title, nor was passing a civil service exam a prerequisite to attaining that title. That petitioners performed the same duties before and after reorganization and that the duties performed were regularly assigned to petitioners cannot vitiate the controlling principle that reclassification cannot be made on the basis of performance of out-of-title work (*Matter of Rubin v McCoy*, 36 AD2d 922, affd 29 NY2d 801). Concur—Markewich, J. P., Murphy, Lupiano and Lone, JJ.