█ In the Matter of MARTIN COYLE, Appellant, v NEW YORK STATE CIVIL SERVICE COMMISSION et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered October 24, 1974 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for a judgment requiring respondents to reclassify petitioner's position. Petitioner currently holds the position of Head Industrial Shop Worker (Grade 11) at Pilgrim State Hospital, which position has as its duties supervision of industrial shop workers as well as patients or inmates in various trades and work processes performed at said institution. He seeks reclassification to the position of Chief Industrial Shop Worker (Grade 13), which, according to specifications of the Department of Civil Service "performs duties comparable to those of a Head Industrial Shop Worker, but involving a greater degree of responsibility because of the various factors set forth in said specifications". We agree with Special Term that there is adequate basis in the record for finding that the denial of petitioner's application by respondents was neither arbitrary or capricious, but was based upon consideration and analysis of the facts presented in petitioner's application. The Director of Classification and Compensation could properly find, as he did, that petitioner was not performing the duties of a Chief Industrial Shop Worker, and that since patients or inmates were no longer engaged in any of the operations in which they had formerly participated, there was no basis for the appointment of a Chief Industrial Shop Worker at Pilgrim State Hospital. Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.

## (November 13, 1975)

█ In the Matter of the Claim of GLADSTONE WILLIAMS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 14, 1975, which rescinded its prior decisions of December 19, 1972 and December 9, 1973 and sustained the initial determination of the Industrial Commissioner that claimant was disqualified from receiving benefits because he lost his employment through his own misconduct. Claimant's contentions on appeal overlook the fact that claimant himself testified that he violated the employer's sign-out rule knowingly and that he had previously violated the rule and been warned that a subsequent violation might dictate his discharge. Such behavior clearly rises to the level of misconduct contemplated in *Matter of James (Levine)* (34 NY2d 491). Section 534 of the Labor Law expressly provides the board with authority to rescind or modify on its own motion. The board's decision is supported by substantial evidence and should be affirmed. Decision affirmed, without costs. Herlihy, P. J., Greenblott, Kane, Main and Larkin, JJ., concur.