■ In the Matter of DONALD SAUER, Appellant, v WILLIAM G. CONNE-LIE, as Superintendent of the Division of New York State Police, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered November 17, 1978 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to direct respondents to reappoint him as a State trooper, or, alternatively, place his name on a preferred eligible list for such appointment. Petitioner, appointed as a State trooper in 1964, began to experience mental depression in 1975. Later that year, he placed himself on half-pay sick leave, and applied to the State Comptroller for disability retirement. On March 4, 1976, the Comptroller determined that petitioner was physically incapacitated for the performance of his duty as a State trooper, and accepted his application for disability retirement. In February of 1977, petitioner informed respondent Connelie that he considered himself recovered from his emotional illness, and requested reinstatement as a trooper. Accompanying petitioner's letter was a report from his psychiatrist that he had recovered from his past illness. Petitioner was subsequently advised by the New York State Policemen's and Firemen's Retirement System that he could be examined by the medical board in connection with his return to active duty.

On December 21, 1977, the medical board recommended to the Comptroller that petitioner had recovered to the extent that he would be able to again perform all the duties of a State trooper. On December 29, 1977, the retirement system, on behalf of the Comptroller, wrote the Personnel Director of the Division of State Police, requesting that petitioner's name be placed on an appropriate preferred eligible list in accordance with the provisions of subdivision c of section 402 of the Retirement and Social Security Law. On January 19, 1978, the Director of Personnel of the State Police advised petitioner that to satisfy the medical requirements of the State Police, he was scheduled to be examined by Dr. Dribben, a psychiatrist. Following said examination, a report was issued to the respondent on April 4, 1978, which revealed no significant psychopathology, but the examining psychiatrist recommended a reasonable period of observation and re-evaluation. No such evaluation was made, and, on April 13, 1978, respondent, after consideration of the report and upon his knowledge of the strenuous duty required of a New York State trooper, determined that petitioner should not be reinstated to his previous position of employment. Petitioner commenced this CPLR article 78 proceeding on July 17, 1978. Special Term determined that subdivision c of section 402 of the Retirement and Social Security Law did not require petitioner's reappointment due to the uniqueness of the duties and responsibilities of a State trooper, and upheld the respondent's decision as lawful and reasonable. Petitioner contends that section 402 does apply to the Department of State Police, and that he is entitled to have his name placed on a preferred eligible list. Subdivision c of section 402 provides, in part, as follows: "In the event that the comptroller shall determine that a disability beneficiary is able to engage in a gainful occupation, he shall, if such beneficiary so requires, certify the name of such beneficiary to the state civil service department or appropriate civil service commission. The state civil service department or such municipal commission shall place the name of such beneficiary, as a preferred eligible, on the appropriate eligible lists prepared by it for positions for which such beneficiary is stated to be qualified in a salary grade not exceeding that from which he was last retired." In response to petitioner's request to the superintendent for reappointment, respondent, in a letter to petitioner on April 13, 1978, stated: "I have carefully considered your request for return to duty as a Trooper and it is my determination that your performance prior to your disability retirement as well as the results of recent medical examinations, do not justify your return to full and strenuous duty required of a Trooper in the New York State Police, therefore, you will not be reinstated to that position." Respondent's decision was partially based on the psychiatrist's report in which it was stated that "for the present he is in a state of remission for a nervous condition, i.e., anxiety reaction. His reaction to stresses in the future is an uncertain quality." The duties and responsibilities of a State trooper require alertness and freedom from nervous reaction to stress, since the State Police is a quasi-military organization (Matter of Bal v Murphy, 55 AD2d 26, affd 43 NY2d 762; Matter of Masi v Kirwan, 60 Misc 2d 103). There is a high degree of danger, periods of enormous physical and emotional stress, and the need for strict discipline in such an organization. Decisions have repeatedly held that the position of State trooper is one of great sensitivity and trust (Matter of Carney v Kirwan, 44 AD2d 613), and that higher standards are properly expected of police officers with regard to discipline, fitness and character than pertain to ordinary civil service employees (Matter of Alfieri v Murphy, 38 NY2d 976; Matter of Shedlock v Connelie, 66 AD2d 433). In Matter

of *Bloomer v Kirwan* (36 AD2d 775, 776), this court confirmed the determination of the superintendent that petitioner, a resigned trooper, was not entitled to reinstatement stating: "The rules of the New York State Police, enacted pursuant to statute, provide that 'a member who has resigned from his position may, in the discretion of the superintendent, be reinstated, without examination, within one year from the date of such resignation' (9 NYCRR 481.1). Insofar as the record reveals a reasonable basis for the Superintendent's decision and there being no indication that it was affected by an error of law or was arbitrary and capricious or that it constituted an abuse of discretion, this court may not substitute its judgment for that of the said official (CPLR 7803, subd. 3; *Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton*, 1 N Y 2d 508, 520; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7803.06, pp. 78-40, 78-41)." It is apparent that, owing to the nature of petitioner's disability and the inherent sensitivity and danger of the position of State trooper, there was a rational basis for respondents' action. The denial of petitioner's application for reinstatement was a proper exercise of respondent's discretionary power (Executive Law, § 215, subd 3). Judgment affirmed, without costs. Greenblott, J. P., Sweeney and Staley, Jr., JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum; Main, J., not taking part. Mikoll, J. (dissenting). I respectfully dissent. Article 8 of the Retirement and Social Security Law is entitled "Policemen's and Firemen's Retirement System Act." By definition contained in section 302 (subd 11, par a) of the Retirement and Social Security Law, "Police or fire service" includes "Service as an officer or member of the state police force in the executive department." The various retirement plans for members of the Department of State Police are contained in article 8 of the Retirement and Social Security Law, which includes section 402. This section applies to all policemen and firemen, including members of the Division of State Police. To conclude that section 402, because it refers to "the state civil service department or appropriate civil service commission", excludes the Division of State Police from its purview, is overly technical. Appointments to the State Police are made by the Superintendent of the State Police and not a civil service commission. We note that appointments to the division are subject to the Civil Service Law and the civil service provisions of the New York State Constitution (NY Const, art V, § 6; *Matter of Andresen v Rice*, 277 NY 271; *Matter of Ruddy v Connelie*, 61 AD2d 372). When section 402 was enacted, it was clear that appointments to the Division of State Police rested in the hands of the superintendent. If the Legislature intended to exclude the Division of State Police from section 402 of article 8, it would have said so. There is no "uniqueness" attendant to the position of State trooper which would set this service apart from service rendered in the communities of our State by its various police forces *(Matter of Andresen v Rice, supra)*. These police forces are subject to competitive examinations and their members discharge the same criminal and penal functions as do State troopers. Section 402 of the Retirement and Social Security Law applies to the petitioner. Respondent was, therefore, required by mandate of section 402 to place petitioner's name on the preferred eligible list when he was appropriately certified by the Comptroller as able to engage in gainful occupation. The judgment should be reversed and the matter remitted for further action in conformity with this opinion.