■ HOMER POTTER et al., as Parents and Natural Guardians of RONALD POTTER, an Infant, Appellants, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and ROYAL GLOBE INSURANCE COMPANY et al., Respondents.—Order unanimously affirmed; defendant Motor Vehicle Accident Indemnification Corporation's motions for summary judgment against plaintiffs and defendant the Royal Globe Insurance Company denied, all without costs. Memorandum: In this action for declaratory judgment, the only order before us on appeal is that which granted the motions of defendants Royal Globe Insurance Company (Royal Globe) and Atlantic Mutual Insurance Company (Atlantic Mutual) for summary judgment and dismissed plaintiffs' complaint as against them. For reasons unexplained in its memorandum decision, Special Term declined to decide the cross motion of defendant Motor Vehicle Accident Indemnification Corporation (MVAIC) for summary judgment dismissing the complaint, or its motion for summary judgment on its cross claim against defendant Royal Globe. Thus plaintiffs' action for declaratory judgment against MVAIC remains pending, as does MVAIC's cross claim against Royal Globe (see *Secor v Levine,* 273 App Div 899; cf. 3 Weinstein-Korn-Miller, NY Civ Prac, par 3019.32). On appeal no viable claim is urged against Atlantic Mutual by either plaintiffs or MVAIC, and thus the order granting its motion for summary judgment should be affirmed. On August 5, 1976 the infant plaintiff, Ronald Potter, was injured on private property when a go-cart which he was operating collided with an unregistered, uninsured motorcycle operated by James Vitigello, also an infant. Two automobiles owned by Ronald's parents were insured by Royal Globe under a policy which contained a mandatory uninsured motorist endorsement (see Insurance Law, § 167, subd 2-a). Plaintiffs filed a notice of intention to make claim against MVAIC and after being advised by MVAIC that recourse should be had against Royal Globe, plaintiffs sought arbitration of the claim against that insurer. Thereupon Royal Globe moved to stay arbitration and Special Term granted the motion upon its finding that the infant was not an "insured" under Royal Globe's policy. Plaintiffs then brought this action for declaratory judgment, seeking to determine the relative liabilities of the parties. Royal Globe moved for summary judgment on the ground that the prior determination of the motion to stay arbitration was *res judicata,* Special Term found, and we agree, that the order staying

arbitration, from which no appeal was taken, was *res judicata* with respect to plaintiffs' claim here against Royal Globe. We find no merit to the argument of plaintiffs and MVAIC that the question of whether the infant Ronald was an "insured" under the uninsured motorist endorsement of the Royal Globe policy was not decided on the motion to stay arbitration. That specific issue was presented to the court in both the moving and answering papers submitted on the motion and indeed, the court's order thereon specifically addresses the issue. Moreover, the same Judge, sitting at Special Term, decided both the motion for the stay of arbitration and the motion here under review. While we agree that the court erred in holding that the infant Ronald was not an "insured" under the Royal Globe policy (see Insurance Law, § 601, subd i; § 167, subd 2-a), the finding of no coverage nonetheless is *res judicata* as to plaintiffs (see *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65). Special Term, despite its earlier erroneous finding, properly granted summary judgment to Royal Globe. The earlier determination, however, is not *res judicata* as to MVAIC (see *Matter of Wallace v MVAIC,* 25 NY2d 384, 388; *MVAIC v National Grange Mut. Ins. Co.,* 19 NY2d 115). MVAIC is not entitled to relitigation of the issue of plaintiffs' status, however, unless it can demonstrate that the prior adjudication was not "the result of fully contested litigation and devoid of taint of collusion or default" *(Matter of Wallace v MVAIC, supra,* p 388). That was precisely the circumstance in *MVAIC v National Grange Mut. Ins. Co. (supra),* where the indemnification corporation was permitted to make claim against the insurer because the prior adjudication of the injured party's status was the product of a default judgment on behalf of the insurer. Here plaintiffs have done all which could reasonably have been expected of them in pursuit of Ronald's claim. In both the prior proceeding and here, they have vigorously argued that Ronald is an "insured" under the Royal Globe policy. We will not now subject that issue to further litigation solely on the basis that Special Term made an error of law in its initial determination. MVAIC's motions for summary judgment against plaintiffs and against Royal Globe should be denied. Although MVAIC has not demonstrated that the infant Ronald is not otherwise a "qualified person" within the meaning of subdivision b of section 601 of the Insurance Law, we decline to grant summary judgment to plaintiffs because it does not appear that MVAIC has waived the jurisdictional issue (CPLR 3211, subd [a], par 8) raised in its answer (see CPLR 320, subd [b]). (Appeal from order of Onondaga Supreme Court—dismiss complaint.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Witmer, JJ.