■  In the Matter of BRUCE BLUMENTHAL, Respondent, v VICTOR S. BAHOU, as President of the Civil Service Commission of the State of New York, et al., Appellants.—Appeal, by permission, from an order of the Supreme Court at Special Term, entered November 26, 1979 in Albany County, which directed a trial in an article 78 proceeding. This article 78 proceeding was commenced by the petitioner to annul a determination of the respondent, the Civil Service Commission of the State of New York (commission), which denied petitioner's application for reclassification from his present position of Assistant District Tax Supervisor, Grade 27, to District Tax Supervisor, Grade 31, in the Department of Taxation and Finance (department). The petitioner held his present position of Assistant District Tax Supervisor, Grade 27, in the district office in Mineola, Nassau County, prior to April, 1974, when that district office served both Nassau and Suffolk Counties. At about that time the department opened a branch office of the Mineola district office in Suffolk County and the petitioner was placed in charge thereof, still as an Assistant District Supervisor under the general supervision of the District Tax Supervisor who headed the Mineola office. The petitioner performed the duties of the branch office until October, 1977 when the Suffolk County office was separately established as a district office due to the expanded work activity generated by the increasing population of that county. In January, 1978, the position of District Tax Supervisor, Grade 31, was established for the Suffolk district office as upgraded, and Isaac Golden, who held Grade 30, was placed in charge. Although he had failed the promotional examination for Grade 31, the petitioner applied to the Director of Classification and Compensation for reclassification of his position to that grade based upon the duties he was performing as head of the Suffolk County office under the authority of subdivision 4 of section 132 of the Civil Service Law.* The petitioner was afforded the opportunity given by the statute (Civil Service Law, § 120, subd 1) to present facts in support of his application. When the application was denied, the petitioner pursued a formal appeal to the commission, which found insufficient basis to support his appeal and confirmed the existing title and allocation on the basis of "no substantial change in duties and responsibilities", in accordance with the appeal procedure of subdivision 2 of section 120 of the Civil Service Law; the petitioner again was afforded the opportunity to appear with his attorney and to present facts, arguments and documents in support of and in relation to such appeal. No evidentiary hearing was held, nor was any statutorily required. The denial of his application resulted in this proceeding before Special Term. Special Term decided that the issue as to whether there was a substantial change in duties and responsibilities required a factual determination and, accordingly, referred the proceeding to the Trial Term for a hearing pursuant to CPLR 7804 (subd [h]). We disagree with the determination made by Special

---

* Former section 132 of the Civil Service Law was repealed and a new section 132 was enacted in 1979 (L 1979, ch 30, § 15); subdivision 4 referred to herein is now contained in subdivision 2 of section 132.

Term and reverse its order and dismiss the petition for legal insufficiency. The petitioner was fully and fairly afforded all of the procedural rights required by the statute (Civil Service Law, § 120), and the determination based thereon is reviewable only to the extent that it is arbitrary and capricious or erroneous as a matter of law. No further hearing was necessary or required *(Matter of Coyle v New York State Civ. Serv. Comm.,* 50 AD2d 645). Furthermore, the petitioner's application for reclassification has no legal merit. Subdivision 4 of section 132 of the Civil Service Law does not dictate a reclassification of the petitioner's position in the circumstances, nor does it mandate a reclassification of the petitioner's position if he performs "out of title duties". As relevant, the statute provides: "When a position allocated to a salary grade * * * is reclassified to a title allocated to a higher salary grade, and the president [of the commission] finds that such reclassification represents no substantial change in duties and responsibilities from those associated with the former title, the incumbent thereof may continue to serve in such position without further examination, and his salary in this new title shall be determined in accordance with the provisions of this section." In order for this statute to apply, the position held by the petitioner was required to be reclassified in the first instance to a title allocated to a higher salary grade. The petitioner's position herein at all times remained Assistant District Tax Supervisor, Grade 29, inasmuch as he had failed the promotional examination for Grade 31. It was the office in Suffolk County that was upgraded from branch office to district office, not the petitioner's position. The upgrading of the office and the provisional appointment of another who held Grade 30 to head it has not violated the petitioner's civil service rights, as a matter of law. His performance of the duties of District Tax Supervisor from the time the office in Suffolk County was upgraded until the time of Golden's appointment was "out of title work" to which subdivision 4 of section 132 of the Civil Service Law has no application, and the performance of such duties out of title creates no right to automatic reclassification *(Matter of Gorman v McCoy,* 49 AD2d 818). The petitioner has failed to show a clear legal right to the relief sought *(Matter of Gimprich v Board of Educ.,* 306 NY 401), and the denial of his application by the commission was neither arbitrary and capricious nor erroneous, as a matter of law; the order of Special Term should be reversed and the petition should be dismissed *(Matter of Coyle v New York State Civ. Serv. Comm., supra).* Order reversed, on the law, and petition dismissed, without costs. Kane, Staley, Jr., and Casey, JJ., concur.

Mahoney, P. J., and Herlihy, J., dissent and vote to affirm in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). It is alleged that from May 30, 1974 to March 22, 1978 the petitioner, as an Assistant District Tax Supervisor, Grade 27, was in charge of the administration of the Suffolk County District Office of the Department of Taxation and Finance. At first the office was classified as a branch of another office; however, as of October, 1977 it was classified as a district office, and soon after the position of District Supervisor, Grade 31, was classified to head the office. On March 22, 1978, someone other than the petitioner was appointed to the new position in that office. The pertinent part of subdivision 4 of section 132 of the Civil Service Law is as follows: "4. When a position allocated to a salary grade in section one hundred thirty of this chapter is reclassified to a title allocated to a higher salary grade, and the president finds that such reclassification represents no substantial change in duties and responsibilities from those associated with the former title, the incumbent thereof may continue to serve in such position without further examination, and his salary in this

new title shall be determined in accordance with the provisions of this section." Special Term noted that there had been no hearing held by the respondents and that the question of whether or not the reclassification created a substantial change in the duties and responsibilities formerly held by petitioner in carrying out his title involved to some extent issues of credibility. The evidence is documentary and none is conclusive. Upon the respondents' motion for permission to appeal, it was contended that the order of Special Term was erroneous because "it ordered a trial of a factual issue which is irrelevant to the outcome of this proceeding". There appears to be some inconsistency in court decisions relating to determinations of the Civil Service Commission. In *Matter of Averack v Poston* (43 AD2d 657), the issue on appeal was somewhat similar to the present case and a finding was made by Special Term following a trial of the issues. In *Matter of Coyle v New York State Civ. Serv. Comm.* (50 AD2d 645), Special Term found that there was no adequate basis in the record for denying petitioner's application. It does not appear from the record that the issue raised herein was argued on those appeals, to wit, that the appeal pursuant to section 120 of the Civil Service Law is conclusive and reversible only to the extent that it is arbitrary, capricious or erroneous as a matter of law. (See *Matter of Mallia v Connelie,* 76 AD2d 1030; *Matter of Sauer v Connelie,* 71 AD2d 770, 772.) In our opinion, on the present record, Special Term was correct in directing a trial of a particular issue raised pursuant to subdivision 4 of section 132 of the Civil Service Law entitled Reallocations; Adjustments of Salaries. Subdivision 1 of section 120 gives the Director of Classification and Compensation Division "the power to designate an officer or employee of the division to conduct a hearing with reference to any application for such reclassification or reallocation and to report to the director thereon". From the record it is apparent that the director did not order a hearing and the Civil Service Commission found "insufficient basis to support the appeal" and confirmed. The record contains a report from the special assistant to the commission, which, in part, states: "The evidence is conflicting, and both the statements of Mr. Blumenthal and the agency are suspect". Special Term found this to be a triable issue of fact. Since the director found no necessity for a hearing, which was confirmed by the commission, the court should not direct the commission to conduct such a hearing. Under such circumstances and in view of the wording of section 120, Special Term, in such limited circumstance, was correct in ordering a trial in the Supreme Court to determine "the factual issue of whether there was a 'substantial change in duties and responsibilities' in the position of the Petitioner as those terms are used in Section 132-4 of the Civil Service Law". The order should be affirmed.