■ In the Matter of CONSTANCE E. MALLIA, Respondent, v WILLIAM G. CONNELIE, as Superintendent of the New York State Police, Appellant.— Appeal by permission from an order of the Supreme Court at Special Term, entered December 18, 1979 in Albany County, in a proceeding pursuant to CPLR article 78, which transferred the matter to a Trial Term of said court for the resolution of factual issues. Petitioner was removed from the list of

those eligible for appointment to the State Police following an examination into her background. Such action may be taken by respondent without a prior administrative hearing, and the sole issue available for judicial review is whether the decision is arbitrary, capricious or an abuse of his discretion (*Matter of Shedlock v Connelie*, 66 AD2d 433, affd 48 NY2d 943). Since the answer and supporting affidavits in this article 78 proceeding negate petitioner's claims in that regard, we disagree with Special Term's ruling that the matter cannot be determined on the pleadings alone. In our opinion, the petition should be dismissed. The reasons advanced by respondent in support of his decision, and challenged by petitioner, were that she did not have suitable moral character and had an unfavorable employment history. Without detailing the underlying circumstances said to justify his conclusions, we have no difficulty in determining that either would ordinarily support respondent's action, for he has wide discretion in this field and may legitimately demand high standards of fitness (cf. *Matter of Shedlock v Connelie, supra*). It is petitioner's burden to prove that those reasons lack a rational foundation. If it could be shown that they were based on rumor or that respondent entirely ignored an attempt to correct mistaken information, the removal of a candidate from the eligible list would be arbitrary or capricious. This does not mean, however, that a narrowly limited judicial review proceeding may be converted into a trial on the merits of a petitioner's qualifications, or be used as a forum for the examination of respondent's policies in disciplining those who have received appointments. The judicial function is exhausted when enough facts are developed to establish or refute the rationality of the questioned determination. Petitioner's former employment record has not been developed; she has submitted a reply affidavit explaining her work activities, and the sources of respondent's information have not been disclosed. Thus, a legitimate factual dispute might be said to exist if that were the sole reason offered as the basis of her disqualification. Nevertheless, petitioner has failed to deny that in the course of a background interview she acknowledged having affairs with a local police officer and a married State trooper. Whether she was married or separated at the time is of little significance. Respondent could properly credit those admissions and reasonably decide that such behavior exhibited unsuitable moral character. Accordingly, the order should be reversed and judgment should be entered dismissing the petition. Order reversed, on the law, without costs, and petition dismissed. Kane, Staley, Jr., and Casey, JJ., concur.

Mahoney, P. J., and Herlihy, J., dissent and vote to affirm in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). Determinations such as the one herein must disclose a rational basis for the exercise of discretion (*Matter of Shedlock v Connelie*, 66 AD2d 433, 434, affd 48 NY2d 943), and hearings are not required as a prerequisite to the exercise of discretion. Finally, when the record fully discloses the basis for the determination, the rule for the court to follow is: " 'Insofar as the record reveals a reasonable basis for the Superintendent's decision and there being no indication that it was affected by an error of law or was arbitrary and capricious or that it constituted an abuse of discretion, this court may not substitute its judgment for that of the said official [citations omitted].' " (*Matter of Sauer v Connelie*, 71 AD2d 770, 772.) The problem in this case is that it appears that the superintendent's decision is premised in part upon information as to the petitioner's background that he did not give her any opportunity to clarify, and her affidavit on appeal would show the information was erroneously construed by the superintendent. The superintendent admittedly relied upon his alleged erroneous view of such information and whether or -not her

alleged sexual conduct alone would have resulted in a denial of her appointment is unknown. Ordinarily, such a defect should require a remittal for reconsideration as to eligibility. However, the petitioner has alleged illegal discrimination against her because of her sex. Such a bias would constitute an error of law and/or an arbitrary and capricious determination. While the facts supporting the allegation are minimal, she does allege in her papers that she was subjected to questioning as to her sexuality which differed from questions asked of men and further, that the superintendent does not consider her alleged conduct to be morally reprehensible if done by men. While factual allegations are difficult in the absence of disclosure by the superintendent, nevertheless, she has alleged that if she is being considered of bad moral character because of adultery, her State trooper accomplice has been expressly excused of any penalty therefor. The present record is sufficient to justify the exercise of discretion by Special Term to order a factual hearing on the issue of sexual discrimination and the order should be affirmed.