■ In the Matter of ANTHONY ORLOSKI, Appellant, v NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Pitt, J.), entered December 20, 1982 in Albany County, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Department of Civil Service denying petitioner's request that his position be reclassified to a higher grade in the competitive civil service. Petitioner was hired by the Division of State Police as a grade 9 "laboratory technician" on October 29, 1970. Upon obtaining his associate's degree, he was promoted to the grade 12 position of "senior laboratory technician" on April 3, 1975. In early 1981, petitioner formally applied to respondent Director of Classification and Compensation of the Department of Civil Service for a change in title and salary grade to "senior chemist", grade 18.[*] This application was denied on the ground that petitioner did not possess a bachelor's degree. Petitioner appealed this determination to respondent Civil Service Commission. In due course, the commission denied petitioner's appeal, in pertinent part, because petitioner did not possess a bachelor's degree. This CPLR article 78 proceeding was then commenced. Special Term dismissed the proceeding and the instant appeal ensued. Petitioner initially suggests that the civil service appeal procedures are defective. However, this argument must be rejected since it is premised upon the erroneous assumption that the commission was required to hold an evidentiary hearing. The procedures followed at the administrative level in the present case comport with those utilized on prior similar occasions and, as such, have been approved by this court (see *Matter of Blumenthal v Bahou,* 76 AD2d 1026, affd 54 NY2d 970). Since no evidentiary hearing was held, nor was any statutorily required, the instant determination is reviewable only to the extent that it was arbitrary and capricious or erroneous as a matter of law (*id.*). We next turn to petitioner's argument that respondents' denial of his application for reclassification to a higher grade on the ground that petitioner lacked a bachelor's degree was arbitrary and capricious. In this regard, it is well documented that the positions in the newly organized forensic scientist series do require a bache-

---

[*] The scientific crime detection laboratory, the division under which petitioner is employed, was restructured on April 1, 1981, shortly after petitioner applied for a change in title and salary grade. As a result, the "chemist" series of titles was replaced with the "forensic scientist" series. It is unclear from a review of the record which position, that of "forensic scientist II", grade 18, or that of "forensic scientist III", grade 20, has replaced that of "senior chemist", grade 18. The positions in the newly organized forensic scientist series, as did that of "senior chemist" since 1970, require a bachelor's degree.

lor's degree, and it is uncontroverted that petitioner does not meet this academic requirement. Consequently, the issue distills to whether respondents' reasons for requiring a bachelor's degree are arbitrary and capricious. Respondents stated that a bachelor's degree was necessary so that cross-training could occur. Petitioner claims that cross-training has never been the practice of the State Police. However, respondents provided evidence from numerous sources supporting the position that cross-training is necessary. Respondents also stated that one who does not possess a bachelor's degree will render the crime laboratory ineligible for the crime laboratory accreditation program sponsored by the American Society of Crime Laboratory Directors (ASCLD). Petitioner claims that it is still possible for the laboratory to become accredited even if petitioner does not have a bachelor's degree, as the ASCLD has adopted a waiver policy. However, as petitioner himself concedes, it is not certain that he would qualify under the waiver policy. In view of the above, we are unable to conclude that the requirement of a bachelor's degree is arbitrary or capricious. We would note that section 216-a of the Executive Law grants broad discretion to the Superintendent of the State Police to establish a scientific crime laboratory and to: "employ * * * such skilled experts, scientists [and] technicians * * * to aid the New York state police and the laboratory in preventing or detecting crime" (Executive Law, § 216-a, subd 1). The record reveals that pursuant to this authority, the superintendent requested the New York State Department of Civil Service, Division of Classification and Compensation, to undertake a restructuring of the organization and restaffing of the State Police Laboratory system (see Civil Service Law, § 118). The request was granted and the restructuring took effect on April 1, 1981. The record unequivocally indicates that pursuant to the new title structure, appointees to any position within the State Police forensic scientist classification must possess a bachelor's degree. As noted previously, petitioner does not possess such a degree. We have examined petitioner's remaining contentions and find that they do not require this court to reverse. Accordingly, the judgment dismissing the petitioner must be affirmed. Judgment affirmed, without costs. Kane, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.