■ ELAINE R. CONWAY, Formerly Known as ELAINE R. McCARTHY, Respondent, v DONALD F. McCARTHY, JR., Appel-

lant. — Harvey, J. Appeal from an order of the Supreme Court at Trial Term (Kahn, J.), entered July 10, 1984 in Albany County, which denied defendant's motion to vacate a stipulation incorporated into a judgment of divorce in favor of plaintiff.

The marriage of the parties herein was terminated by a judgment of divorce entered September 24, 1982. There were two children of the marriage. Prior to the commencement of the trial, the parties entered into a stipulation on the record that defendant would pay child support to plaintiff in the amount of $370 biweekly.

Although no appeal was taken from the judgment, defendant made a timely motion pursuant to CPLR 4404 (b) and 5015 to set aside the judgment or, in the alternative, to modify the child support award. Supreme Court denied the motion to vacate the judgment and referred the motion for modification to Family Court for determination. For reasons undisclosed in the record, there never was a determination by Family Court. In 1983, defendant made a new motion in Supreme Court to modify the child support provisions of the divorce judgment. At a later date, he made an additional motion to enforce his visitation rights granted by the judgment of divorce and for forgiveness of certain arrears in child support payments. Special Term granted certain relief to defendant, directed that the remaining issues be joined with the issues concerning modification and ordered a trial. Just before the commencement of the trial on June 4, 1984, the attorney for defendant made an oral motion to vacate the in-court stipulation which had been incorporated into the judgment of divorce. That motion was referred to the Supreme Court Justice who had granted the judgment and who had determined the prior motions. Trial Term (Kahn, J.) denied the motion and this appeal ensued.

There is no verbatim record of the oral motion. However, from the briefs submitted on the appeal, it would appear that the basis for the motion was the alleged violation of certain provisions of the Domestic Relations Law (§ 236 [B] [3]; [5] [g]; [7] [b]). There was no written decision.

Our examination of the entire record leads us to the conclusion that the doctrine of res judicata is a complete bar to the oral motion. The judgment of divorce incorporating the stipulation complained of was entered and no appeal was taken therefrom. Thereafter, the motion to set the judgment aside was denied and again no appeal was taken.

Defendant has already had an opportunity to challenge the validity of the stipulation, and he failed to timely pursue his appellate remedies. Therefore, the matter is res judicata as to

him, even were it conceded that the trial court's judgment, insofar as it incorporated the stipulation, was erroneous (*see, Potter v Motor Vehicle Acc. Indem. Corp.,* 73 AD2d 787, 788). The decisions were binding upon defendant because, even though he may not have raised the same issue, he had an opportunity to do so (*see, Prudential Lines v Firemen's Ins. Co.,* 91 AD2d 1, 3-4). Since there is no appealable issue before us concerning the trial court's compliance with the applicable statutes, we make no decision thereon.

Order affirmed, with costs. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.