OPINION OF THE COURT
Peter C. Patsalos, J.
The instant proceeding challenges the allocation of the Senior Court Officer-Sergeant title to salary grade JG 19 within the Unified Court System’s classification structure.
By way of background, the primary security function in the Criminal Parts of the Supreme Court in New York City (as well as certain courts in Nassau, Suffolk and Westchester Counties) is performed by uniformed court officers who serve in the title of Senior Court Officer (JG 18). Historically, one of the Senior Court Officers serving in a part was assigned as "part captain”. In addition to performing security functions like the other officers in the part, the part captain was responsible (at the least) for "coordinating” the work of the part crew. In consideration of this additional responsibility, this officer was compensated with an assignment differential of up to $1,500 per year, an amount determined through collective bargaining. In 1988, the assignment differential was set (pursuant to a fact finder’s recommendation) at $1,500 or 5% of the Senior Court Officer’s base salary, whichever was greater.
In or about December 1988, the New York State Legislature enacted legislation that provided, inter alla, that "[o]n such date as the chief administrator of the courts shall establish nonjudicial positions having the title court-officer sergeant” to replace the part captain positions, he was "also [to] appoint to such positions”, without the necessity of competitive examination, those court officers already serving as part captains who met the qualifications in the legislation (L 1988, ch 763, § 2 [a]). Thereafter, on April 25, 1989, the Chief Administrator of the Courts, pursuant to his power to "adopt classifications and allocate positions * * * [in] the unified court system” (22 NYCRR 80.1 [b] [16]), adopted a new permanent, competitive class title of Senior Court Officer-Sergeant to replace the *966 former part captain position and allocated the title to salary grade JG 19, one grade higher than a Senior Court Officer (JG 18).
After the establishment of the new title, the New York State Supreme Court Officers Association, the association representing the Senior Court Officers, commenced an administrative appeal, requesting that the Sergeant title be allocated to a higher salary grade (22 NYCRR 25.5 [d]). By letter dated January 9, 1990, the Chief Administrator denied the appeal, indicating that the "Senior Court Officer-Sergeant title [was] properly classified and allocated” and the Senior Court Officer and Sergeant jobs did not differ so significantly "as to justify more than a one-grade salary differential between the two titles”. The instant CPLR article 78 proceeding, which was transferred to this county by order of Supreme Court, New York County (Santaella, J.), now seeks to set that determination aside (CPLR 7803 [3]).
Before reaching the central issue of the proceeding, the court must first address petitioners’ contentions as to the standard of review that should be applied and the process that has been afforded them. In particular, noting that after "New York State’s takeover of the court system in 1979 and the creation of the Unified Court System * * * [a] Classification Review Board * * * was established as an independent agency * * * empowered * * * to review decisions of the Chief Administrat[or] * * * regarding classifications and * * * to reverse or modify [his] decision if it was 'unjust and inequitable’ ”, petitioners go on to argue that here, "[w]here * * * there has been no independent and impartial review of the Chief Administrator’s determination and no due process afforded [them] * * * [the] determination should be subject to greater judicial scrutiny, i.e., a standard akin to [the] unjust or inequitable standard”.
Petitioners are quite right that a procedure involving a Classification Review Board with power to reverse determinations found to be "unjust and inequitable” was established (by order of the Chief Administrator) upon the State’s assumption of local court costs and employees pursuant to the Unified Court Budget Act of 1976 (L 1976, ch 966) (see, Administrative Order of Chief Administrative Judge, 80/9, Jan. 11, 1980; 22 NYCRR 25.41, formerly 22 NYCRR 25.45; Matter of Bellacosa v Classification Review Bd., 72 NY2d 383, 389-390). Petitioners are mistaken, however, if they mean to imply that the Chief Administrator must continue this one-time special procedure *967 in perpetuum; that he is estopped from adopting other procedures; and that due process is somehow offended if no board review or hearing is here afforded (see, 22 NYCRR 25.5, 80.1; Califano v Yamasaki, 442 US 682, 696; Matter of City of New York v City Civ. Serv. Commn., 60 NY2d 436, 449; Granada Bldgs. v City of Kingston, 58 NY2d 705, 708; Matter of Bezar v New York State Dept. of Social Servs., 151 AD2d 44, 48-49; Matter of Orloski v New York State Dept. of Civ. Serv., 99 AD2d 630). In the court’s opinion, petitioners’ rights have been adequately protected by the notice they have been furnished, the opportunity to submit evidence on their administrative appeal and the ability to have the administrative determination impartially reviewed by this court (see, Morrissey v Brewer, 408 US 471, 483-484; Matter of Deas v Levitt, 73 NY2d 525, 531-532, cert denied 493 US 933; Matter of Blumenthal v Bahou, 76 AD2d 1026, affd 54 NY2d 970). Contrary to their intimations, there is simply no basis in law for this court to apply to this proceeding any standard of review other than that of rationality, characterized, when applied to administrative decisions made without a hearing, as the "arbitrary and capricious” standard (see, CPLR 7803 [3]; Matter of Pell v Board of Educ., 34 NY2d 222, 231; Matter of Colton v Berman, 21 NY2d 322, 329; Matter of Morello v Evans, 106 AD2d 640; Siegel, NY Prac, at 881-882 [2d ed]). In this regard, administrative determinations concerning classifications are presumed to be reasonable, and unless the classification is arbitrary and capricious with no rational basis in the record before the agency, the administrative determination must be upheld; this is so even though the court may disagree with the agency regarding the wisdom of the determination (see, Cove v Sise, 71 NY2d 910, 912; Matter of Grossman v Rankin, 43 NY2d 493, 503-504, rearg denied 44 NY2d 733; Matter of Levine v State Liq. Auth., 23 NY2d 863). Indeed, petitioners themselves halfheartedly acknowledge the applicability of this standard for they argue, in all but the four final pages of their brief, that the allocation of the Sergeant title should be set aside since it "is arbitrary and capricious”.
Applying this standard to the determination under review, the court must conclude that the allocation of the Senior Court Officer-Sergeant title to salary grade JG 19 was not arbitrary and capricious but had a rational basis in the record (see, Matter of Association of Secretaries v Office of Ct. Admin., 75 NY2d 460, 468; Matter of Dillon v Nassau County Civ. Serv. Commn., 43 NY2d 574, 580; Matter of Morello v *968 Evans, 106 AD2d 640, supra). The court bases its conclusion on three grounds.
First, with regard to the nature of the duties of the Sergeant position, petitioners do not, and cannot, deny that a Senior Court Officer-Sergeant performs many of the same functions as a Senior Court Officer (JG 18). Indeed, insofar as Sergeants provide security, deal with security or crowd control problems, communicate with other court-related agencies, perform certain jury sequestration tasks and complete routine paper work for the court, it is undisputed that these same functions are performed by all Senior Court Officers, not just Senior Court Officers-Sergeants (see, Title Standards). The question thus becomes whether the supervisory functions that a Sergeant performs up and above the standard court officer functions are of such a quality and frequency as to merit more than a one-grade step above the subordinate position.
Examining the title standard of the Sergeant line, the court notes that a Sergeant typically, inter alia, "[ajssigns” the three other court officers to their posts in the courtroom, "advises supervisory security personnel of a change in status of the area”, "[tjrains” newly assigned court officers "by explaining specific duties”, "provides information” for completion of probationary evaluation reports, "[mjaintains awareness” of work performance standards, and "[ajssumes lead role” in securing jury arrangements and resolving problems relating to jury security. From this enumeration, it becomes clear that the Sergeant’s supervisory functions do not entail the exercise of real, independent judgment; rather, the Sergeant "advises” of changes (but doesn’t determine what to do), "provides information” (but does not evaluate), and "maintains awareness” of standards (but does not set them). In the words of the title standard itself, the Sergeant "assumes [the] lead role” among the other Senior Court Officers. As the title standard also intimates, the true "supervisory security personnel” are not the Sergeants but those whom they must "advise []”, namely, the Associate Court Officer (JG 23) and Principal Court Officer (JG 25). Their functions comprise, inter alla, assigning personnel, including Senior Court Officers, to various locations, training personnel, assisting in the interpretation and application of policies and procedures, handling grievances and preparing recommendations/communications. Moreover, without referring to experts’ affidavits that were not before the Chief Administrator at the time of his determination (see, Matter of Levine v State Liq. Auth., 23 NY2d 863, *969 supra; Matter of Dearborn Assocs. v Environmental Control Bd., 144 AD2d 556), the 1986 and 1989 Court Administration job analysis studies that were available to the Administrator at the time of his determination indicate, inter alla, that "[supervisory ability” contributed only 1.6% to the performance of the Sergeant’s duties, while "[s]kill in organizing and coordinating people” contributed 2.7%, "[s]kill in organizing and coordinating activities” 2.7% and "[scheduling and [assigning [a]bility” .5%. Lastly, it is not insignificant that the number of employees under a Sergeant’s supervision is only three (cf., Matter of Donovan v Bellacosa, 129 AD2d 152). Hence, the court must conclude that a rational basis exists for the Chief Administrator’s conclusions that "the nature of [the sergeant’s] supervisory responsibilities is not equivalent to [those] * * * of any of the existing security titles allocated to higher salary grades” and that the titles of Senior Court Officer and Senior Court Officer-Sergeant did "not differ so significantly * * * as to justify more than a one-grade salary differential between the two titles”.
Second, the allocation of the Senior Court Officer-Sergeant title to salary grade JG 19, one grade higher than Senior Court Officer (JG 18), is, as respondent points out, consistent with the compensation paid to part captains and the differential they received before their position was replaced in 1989 by the new Sergeant title. In this regard, an examination of the Unified Court System salary schedule for 1990 reveals that the difference between salary grades JG 19 and JG 18 equals, or exceeds at each level, the greater of $1,500 or 5% of the latter salary grade. Hence, notwithstanding unsubstantiated claims that this same differential will not be maintained "as time passes”, the fact remains that this one-grade salary differential for the Sergeant title does maintain at the present time the same salary differential that was formerly received by part captains and that was found appropriate by an independent fact finder in 1988 (see, Matter of State of New York Unified Ct. Sys. v Unions, No. M86-497 [PERB], Jan. 14, 1988, at 9).
Third, the allocation of the Sergeant title to JG 19 is in keeping with the over-all classification and salary structure of the Court System. By way of example, Senior Court Clerks, who are responsible for the general supervision of uniformed court employees in the courtroom, have been assigned salary grade JG 21 (see, Title Standard). In view of the supervisory capacity of a Senior Clerk, it would be anamolous, to say the *970 least, to allocate the subordinate Sergeant title above the Senior Clerk title to JG 23 (as requested at one point in petitioners’ papers) or (as requested elsewhere) parallel with it to JG 21. Indeed, such an assignment would be contrary to the recommendation of the aforementioned independent fact finder who advised in 1988 with regard to the predecessor part captain position that "a reasonable salary differential should be maintained between the highest paid Part Captains and the Court Clerks who supervise them” (Matter of State of New York Unified Ct. Sys. v Unions, supra, at 11). Moreover, a one-grade step exists in the Civil, Criminal, Family and District Courts between the Court Officers (JG 16) and the Court Officer-Sergeants (JG 17) who supervise them. If the Senior Court Officer-Sergeant title were to be raised, not to JG 23 (as requested at one point in the papers), but simply two grades above the Senior Court Officer title to JG 20, this reallocation would certainly have, as respondent points out, a ripple effect upon the parallel Court Officer-Sergeant title, which, for consistency and fairness, would have to be raised two grades above the Court Officer title to salary grade JG 18. In that event, the salary grade allocations of the Court Officer-Sergeant (JG 18) and the title to which it promotes — Senior Court Officer (JG 18) — would become the same, certainly an undesired result. Finally, the court notes that other court supervisory or promotional titles are allocated to one salary grade above the subordinate title, e.g., Principal Law Assistant (JG 31) and Associate Law Assistant (JG 30), as well as Principal Court Reporter (JG 28) and Senior Court Reporter (JG 27) (see, Matter of Association of Surrogate’s & Supreme Ct. Reporters v Williams, Sup Ct, NY County, Jan. 7, 1988, Sklar, J., affd 136 AD2d 972, lv denied 71 NY2d 806, rearg denied 72 NY2d 953).
Accordingly, for all the foregoing reasons, the petition must be denied and the proceeding dismissed. Any claim of increased volume of work, which, of course, has been felt throughout the judicial system, relates not to proper allocation of the Sergeant title but rather to staffing needs; such matters should be addressed to the budget directors in Albany.