[699 NYS2d 582]

In the Matter of DAVID GROSSMAN, Appellant, v JAMES W. McMAHON, as Superintendent of the New York State Police, et al., Respondents.

Third Department, December 9, 1999

**APPEARANCES OF COUNSEL**

*David B. Grossman,* Central Square, appellant *pro se.*

*Eliot Spitzer, Attorney General,* Albany (*Patrick Barnett-Mulligan* of counsel), for respondents.

**OPINION OF THE COURT**

CARPINELLO, J.

In 1987 petitioner, then a Sergeant with respondent Division of State Police, was placed on involuntary disability retirement following a determination that he was permanently unable to perform his police duties due to a herniated disc. When a 1996 medical examination conclusively determined that petitioner had never had a herniated disc, he sought reinstatement to this former position. After satisfactorily going through the initial phases of candidate testing, petitioner received a "Conditional and Contingent" offer of employment. On September 15, 1997, he accepted the conditional offer in writing with the understanding that it was dependent upon his satisfactory completion of all remaining phases of processing, including a medical examination and background investigation. On this same day, he completed a compilation of application materials, including a "New York State Police Accident and Arrest Record" (hereinafter the accident form). The accident form itself was a two-page document consisting of only four questions, one of which inquired about prior motor vehicle accidents to which petitioner responded in the negative.

On November 14, 1997, petitioner was advised that his application for reinstatement had been denied. The subsequent denial of his written request for reconsideration prompted petitioner to commence this CPLR article 78 proceeding. The record reveals that petitioner's request for reinstatement was denied for several reasons, including misrepresentations he

had made during the application process, information received during the background investigation questioning his veracity, and the results of his psychological examination questioning his interpersonal skills, integrity and attitude toward the State Police. In support of their answer, respondents submitted the entire confidential background investigation file concerning petitioner's application for Supreme Court's in camera review. Petitioner, in reply affidavits from himself and his attorney, requested disclosure of the background investigation materials, as well as a hearing on the matter. Upon review of the in camera material, Supreme Court determined that a rational basis existed for the determination denying reinstatement. It further denied petitioner's request to review and respond to the information contained in the background file. Petitioner appeals.

The "fitness and good moral character" (Executive Law § 215 [3]) of an applicant is a discretionary determination made by respondent Superintendent of State Police (*see, e.g., Matter of Shedlock v Connelie*, 66 AD2d 433, 434, *affd* 48 NY2d 943), the exercise of which is reviewable by a court solely on the basis of whether it was arbitrary, capricious or an abuse of discretion (*see, Matter of Mallia v Connelie*, 76 AD2d 1030, 1031). Petitioner has failed in his burden of proving that the advanced reasons for the denial of his application lacked a rational foundation. We turn first to petitioner's response on the accident form that he was never involved in a motor vehicle accident.

It was discovered during the course of the investigation that petitioner had indeed been involved in a motor vehicle accident in March 1994. Petitioner claims that his failure to include this information on the accident form was not a material misrepresentation. Rather, according to petitioner, this was a mere oversight due in large part because he was only given two hours' notice to report to the State Police to complete the "lengthy" application. We are unpersuaded. The entire application appears to be only 18 pages, requesting mostly pedigree information and responses to "Yes-No" questions. The accident form itself is short and uncomplicated. Moreover, petitioner has wholly failed to demonstrate how additional notice to complete the routine paperwork would have generated more complete and accurate responses, particularly for a practicing attorney and former State Trooper.

While petitioner emphasizes that it was a "minor" accident for which he was faultless, his characterizations do not render

his denial immaterial. Significantly, the accident was relatively recent in time to his completion of the application, the police responded to it and both operators (i.e., *petitioner*) reported personal injuries. Thus, it strains credulity that petitioner simply forgot about it when he completed the accident form, especially since the form contained an explicit notification that the willful failure to supply complete information or any false statement may result in disqualification. As an attorney, petitioner was certainly aware of the ramifications of such a notice. Noting that "[t]he judicial function is exhausted when enough facts are developed to establish or refute the rationality of the questioned determination" (*id.*, at 1031), we are satisfied that this misrepresentation on the application form was sufficient to deny reinstatement. Even if we were to determine otherwise, our in camera review of the background material provides an additional rational basis upon which the application was denied.

■ We next address petitioner's request that the background information should have been disclosed. In a proceeding of this nature, where disclosure is available only by leave of court (*see*, CPLR 408), Supreme Court "has broad discretion in granting or denying disclosure * * * although it must balance the needs of the party seeking discovery against such opposing interests as expedition and confidentiality" (*Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs.*, 253 AD2d 8, 16 [citations omitted]). We are unable to conclude that Supreme Court abused its considerable discretion in denying disclosure of the background investigation file.

It is beyond cavil that the requested material consists entirely of evaluative documents gathered by the State Police in conjunction with their investigation into petitioner's background and qualifications for the position of State Trooper. It is equally beyond cavil that petitioner would not have access to these records as a member of the public pursuant to Public Officers Law § 87 (2) (g), since disclosure of such material would "impede the investigation of candidates for positions in the New York State Police and would interfere with the Superintendent's broad discretion in this area" (*Matter of O'Shaughnessy v New York State Div. of State Police*, 202 AD2d 508, 511, *lv denied* 84 NY2d 807). This very rationale provides ample support for Supreme Court's decision to deny disclosure under CPLR 408 in this case.

Whether such material is disclosed to a member of the public via a Freedom of Information Law request or to an unsuccess-

ful State Police applicant in a special proceeding, the resulting prejudice to respondents is manifest. First, respondents would no longer be able to assure confidentiality to interviewees, a factor which would certainly hinder their ability to obtain earnest, reliable information about applicants. Notably, in the instant case confidentiality was assured to all interviewees, which would indeed be violated if disclosure was ordered (*compare, Matter of Mooney v Superintendent of N. Y. State Police*, 117 AD2d 445). Given the importance in society of the subject position, the need for an honest depiction of an applicant's character and ability is paramount to public interest and safety in general (*but see, id.*).

Indeed, the Superintendent has wide discretion in all employment matters, particularly the appointment of new members, and has no obligation to provide an applicant—who possesses only a unilateral expectation of appointment—a hearing before denying an application to join the State Police force (*see, Matter of Shedlock v Connelie*, 66 AD2d 433, *supra*). If an applicant is provided access to all material obtained by respondents during their background investigation and then permitted to refute any and all negative answers or comments supplied by interviewees, the Superintendent's discretion would be unduly limited, in effect requiring a hearing in the event of every denial. And, although the Superintendent's discretion is indeed great, it is not unfettered as the ability to commence a special proceeding challenging the denial of State Police employment safeguards applicants from arbitrary determinations.

A few additional matters warrant brief discussion. Having failed to timely challenge a September 29, 1986 rank reassignment from Zone Sergeant to Sergeant or the 1987 determination placing him on involuntary disability retirement, his complaints and arguments with respect to these issues are not properly before this Court. Moreover, since undisputed facts can be found in the record which furnish a sound basis and rationale for the determination, petitioner's request for a hearing was properly denied by Supreme Court (*see, Matter of Frederick v Civil Serv. Commn.*, 175 AD2d 428, 429; *see also, Matter of Mallia v Connelie*, 76 AD2d 1030, *supra*). Finally, to the extent that petitioner claims that the determination was based on pretextual grounds—his Jewish heritage and his refusal to cover up alleged police wrongdoing in 1986—such claims are wholly conclusory and speculative and do not warrant annul-

ment of the determination.

CREW III, J. P., SPAIN, GRAFFEO and MUGGLIN, JJ., concur.

Ordered that the judgment is affirmed, without costs.