■ In the Matter of JOHN REIDY et al., Appellants, v WILLIAM G. CONNELIE, as Superintendent of the Division of State Police of the State of New York, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered March 12, 1980 in Albany County, which dismissed petitioners' applications, in proceedings pursuant to CPLR article 78, to compel respondent to appoint petitioners to the New York State Police. With the enactment of Chapter 276 of the Laws of 1979, the functions and powers of the Long Island State Parkway Police and the Niagara State Parkway Police were transferred to the Division of State Police and its superintendent. Section 2 of chapter 276 of the Laws of 1979 provided that: "all such employees who meet such standards * * * as may be established by the superintendent of state police and who shall not have attained the age of fifty-five on or before December thirty-first, nineteen hundred seventy-eight, and who make application not later than ninety days following the date upon which this act shall become law, *shall be transferred to and appointed members of the division of state police* on the effective date of the transfer of functions." (Emphasis added.) Subdivision b of section 2, in pertinent part, provided: "Any employee eligible to make application for transfer pursuant to this section who fails either to do so or to do so within the time limits set forth in this section shall be deemed to have waived *entitlement* for such transfer." (Emphasis added.) All of the petitioners herein, then members of the Long Island State Parkway Police or the Niagara State Parkway Police, took advantage of the opportunity to

---

transfer to the Division of State Police (hereinafter Division) by timely filing applications therefor and submitting to the required physical examination. On December 24, 1979 each of the petitioners was advised, by letter from the Division, that he had failed to meet the eligibility requirements for membership in the Division, but no specific reasons for the determination were set forth. Only after herculean efforts, on the part of petitioners and others acting in their behalf, were petitioners able to arrange for a meeting with the Superintendent and his staff for the purpose of ascertaining the reason or reasons for the determination. At that December 31, 1979 meeting, petitioners individually met with the Superintendent. At these meetings, the Superintendent merely referred to powers granted him under subdivision 2 of chapter 276 of the Laws of 1979 and recited a brief conclusory statement as to why each petitioner was unacceptable. No opportunity was afforded petitioners to inquire as to the basis for the conclusion, nor were they permitted to present any evidence to refute it. As a result, separate article 78 proceedings were commenced by each petitioner seeking review of respondent's denials of transfer upon the ground that they were arbitrary and capricious and constituted denials of due process. Special Term, relying entirely upon *Matter of Shedlock v Connelie* (66 AD2d 433, affd 48 NY2d 943), found that there was a rational basis for the denials and dismissed the petitions. This appeal ensued. In cases of this nature, no one can establish his right to relief for denial of due process without first demonstrating that he possesses a protected property interest. "Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as a state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits" *(Board of Regents v Roth,* 408 US 564, 577). To have a property interest in a benefit, a person must have more than an abstract need or desire for it. He must have more than a unilateral expectation for it. He must, instead, have a legitimate claim of entitlement *(Board of Regents v Roth, supra,* p 577). In our view, petitioners have just such a claim. Chapter 276 of the Laws of 1979 plainly mandates the appointment to the Division of these petitioners if they meet the standards and qualifications established by the Superintendent and bestows upon them a "legitimate claim of entitlement" from "an adequate source such as state law". When such property rights are implicated, the right to some kind of prior hearing is paramount *(Board of Regents v Roth, supra).* All of the petitioners are within the group entitled to be appointed pursuant to the statute and their applications should not be rejected upon charges of unfitness without their first being given an opportunity to respond to charges or conclusions of unfitness after notice of a hearing (cf. *Goldsmith v Board of Tax Appeals,* 270 US 117). Contrary to respondent's assertion and Special Term's holding, *Matter of Shedlock v Connelie (supra)* should not control the case at bar for a clear distinction exists. The petitioners there had passed a civil service exam which merely made them eligible for appointment. There was no mandated right of appointment and no legitimate claim of entitlement or protected property right, but only a unilateral expectation or desire for appointment. They could only assert, at most, the right to be considered and a hope for appointment *(Matter of Cassidy v Municipal Civ. Serv. Comm. of City of New Rochelle,* 37 NY2d 526, 529). In arriving at the result reached here, we are not unmindful that it has long been recognized that, due to the nature of the police function in society, higher standards of fitness and character pertain to police officers than to ordinary civil service employees *(Matter of Cacchioli v Hoberman,* 31 NY2d 287, 294, concurring opn by Jasen, J.; *Matter of Vegas v Schechter,* 13 Misc 2d 265, 266-267; see *Foley v Connelie,* 419 F Supp 889, 895-897). However, our result here

does not mandate that the Superintendent accept anyone who does not meet the standards and requirements he imposes. It merely insures that the holders of a protected property right, who are denied the right, may, upon request, be afforded an opportunity, through a hearing, to refute the facts that form the basis for a conclusion that the applicant was, for some reason, unfit. Judgment reversed, on the law, with costs, petitions reinstated, and matter remitted to respondent for the conduct of proceedings not inconsistent herewith. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur. [102 Misc 2d 960.]