■ In the Matter of RICHARD KASH, Petitioner, v NEW YORK STATE EXECUTIVE DEPARTMENT, DIVISION OF HUMAN RIGHTS, et al., Respondents.—Kane, J. Proceeding initiated in this court pursuant to Executive Law § 298 to review a determination of respondent State Division of Human Rights, dated April 29, 1985, which dismissed petitioner's complaint of an unlawful discriminatory practice based on disability.

After a hearing held pursuant to this court's direction in *Matter of Reidy v Connelie* (82 AD2d 986, *appeal dismissed* 54 NY2d 1025), petitioner was denied appointment with respondent State Police by determination dated April 10, 1985. In his determination, the Superintendent of the State Police concluded that petitioner was physically unfit to become a member of the State Police. Petitioner filed a complaint with respondent State Division of Human Rights. After conducting an investigation, the Division dismissed the complaint, finding no probable cause to believe that the State Police had engaged in the unlawful discriminatory practice complained of. This proceeding ensued.

We have reviewed the record and conclude that the determination of the Division is supported by the record and is not arbitrary or capricious *(see, Matter of Watts v State Div. of Human Rights,* 105 AD2d 1044; *Matter of Campchero v General Elec. Broadcasting,* 88 AD2d 747). In particular, we note that in January 1979, while employed as a patrolman by the Long Island State Parkway, petitioner was struck by an automobile in the line of duty and suffered a contusion of the spinal cord. He was on sick leave as a result of this injury until August 30, 1979, and worked only intermittently thereafter until March 1980. On December 20, 1979, petitioner was initially denied transfer to the State Police due in part to his physical condition. In March 1980, petitioner was granted accidental disability retirement due to the injuries he sustained in the January 1979 accident. He has remained in that status up to the present time. The fact that petitioner is on accidental disability retirement status from his employment with the Long Island State Parkway Police certainly provided ample basis for the determination of the Superintendent and for the finding by the Division of no probable cause. Although petitioner should be applauded for his efforts to return to work, on the instant record we find no error in the Division's determination.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Mikoll, Levine and Harvey, JJ., concur.