In the Matter of JOSEPH ZIGARELLI, Petitioner, v NEW YORK STATE POLICE et al., Respondents.—Main, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent Superintendent of State Police which denied petitioner's application to transfer to the State Police from the Long Island State Park Police.

Effective January 1, 1980, legislation transferred the responsibility for policing certain State highways which had been under the jurisdiction of the Office of Parks and Recreation to the State Police (L 1979, ch 276, § 1). Under the same legislation, employees of the State Park Police forces "who meet such standards and qualifications as may be established by the superintendent of state police" were eligible to transfer to the State Police (L 1979, ch 276, § 2 [a]). Petitioner a traffic and park officer for the Long Island State Park Police, applied for

such a transfer but was notified that he had failed to meet the eligibility requirements. Pursuant to this court's decision in *Matter of Reidy v Connelie* (82 AD2d 986, *appeal dismissed* 54 NY2d 1025), petitioner requested a hearing by which he could refute the grounds for his rejection. Petitioner did not contest the reason given for his rejection, a total loss of hearing in his right ear, but contended that his deafness has never affected his performance as a police officer. The Hearing Officer found that petitioner failed to overcome the conclusion that he is physically unfit for a position as a State trooper, a finding also made by respondent Superintendent of State Police.

Petitioner commenced this CPLR article 78 proceeding, contending that he was denied due process at his hearing because he had the burden to refute the reasons given for his ineligibility and because the Superintendent did not formulate appropriate standards for judging eligibility, and that respondents violated various provisions of the Civil Service Law. Addressing first the question of burden of proof, we note that our decision in *Matter of Reidy v Connelie (supra),* which mandated petitioner's hearing, provided that a person such as petitioner is entitled to a hearing, "to refute the facts that form the basis for a conclusion that the applicant was, for some reason, unfit" *(id.,* p 988). By this language, the burden properly was placed upon petitioner to refute the determination of his ineligibility *(cf. Matter of Mallia v Connelie,* 76 AD2d 1030, *appeal dismissed* 53 NY2d 939 [petitioner has burden to show that finding of unfitness lacks a rational foundation]).

Petitioner does not contest the finding that he is totally deaf in one ear; however, he maintains that respondents judged him according to unfair standards in disqualifying him. We find this argument to be without merit. The Superintendent has wide discretion in determining eligibility for appointment to the State Police and may legitimately demand high standards of fitness in State trooper candidates *(id.,* p 1031). As we noted in *Matter of Reidy v Connelie (supra),* higher standards of fitness pertain to police officers due to the nature of the police function, and our decision to afford candidates such as petitioner a hearing "does not mandate that the Superintendent accept anyone who does not meet the standards and requirements he imposes" *(id.,* p 988). Here, the State Police physician testified that the standards he applied to persons in petitioner's position deviated from the usual standards applied to new recruits due to the fact that these applicants were older than the recruits hired as troopers. We find such a

flexible standard to be entirely reasonable and find no abuse of discretion in the determination that petitioner was unfit for service due to his deafness (cf. 9 NYCRR 6000.3 [e] [hearing defect is valid basis for disqualification as municipal police officer; total loss of hearing in one ear is unacceptable]).

We find no violation of the Civil Service Law in the Superintendent's rejection of petitioner. The three statutes cited by petitioner, Civil Service Law §§ 80, 81 and 86, are applicable only when an existing position is being abolished. Petitioner's current position has not been abolished; under the law authorizing transfer to the State Police, persons not eligible to transfer are entitled to retain their positions under the authority of the Office of Parks and Recreation (L 1979, ch 276, § 2 [b]). Finally, we note that petitioner's charge of discrimination against the handicapped, raised in his brief but not in his petition, is not properly before this court.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.