■ BRUCE MAURO, Appellant, v VILLAGE OF FREEPORT, Respondent.—In an action to recover damages for wrongful termination of employment, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Christ, J.), entered February 23, 1987, which dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The record reveals that the plaintiff was discharged from his position as an "Assistant Superintendent of Recreation" with the defendant Village of Freeport on February 27, 1976, after that position had been abolished. The plaintiff was subsequently reinstated to the lesser position of "Senior Recreation Leader" on November 29, 1976, pursuant to a judgment of the Supreme Court, Nassau County (Meade, J.), entered November 18, 1976, in a CPLR article 78 proceeding which he had initiated after his discharge. Significantly, the judgment pursuant to which the plaintiff was reinstated to his present position contains no statement that the plaintiff was "wrongfully" discharged or that the village "wrongfully" abolished his former position, but merely directs the defendant to rehire the plaintiff in the capacity of "Senior Recreation Leader". There is no dispute that the village has fully complied with the terms of the judgment, i.e., the plaintiff was reinstated to the position of "Senior Recreation Leader" with back pay.

Thereafter, the plaintiff commenced the instant action in which he now claims that he was improperly dismissed from his former position, that the position was wrongfully abol-

ished, and that he is entitled to damages measured by the salary difference between the position to which he was reinstated and his former position. By order of the Supreme Court, Nassau County (Levitt, J.), dated May 28, 1980—and after the defendant's default in appearing in the action—the case was set down for an inquest as to damages. The parties appeared before the Supreme Court, Nassau County (Christ, J.), on September 23, 1986. After the parties presented oral argument, the Supreme Court determined that the defendant's prior reinstatement with back pay to the position of "Senior Recreation Leader", pursuant to the November 1976 judgment, represented the full measure of relief available to the plaintiff under Civil Service Law § 77 and that, accordingly, no further damages were recoverable. We agree. The record reveals that after the plaintiff's reinstatement with back pay to the position of "Senior Recreation Leader" pursuant to the November 1976 judgment, he received all the relief to which he was entitled (see, e.g., *Van Buskirk v Bleiler*, 46 AD2d 707). In light of the foregoing, the Supreme Court properly dismissed the complaint. Bracken, J. P., Eiber, Kooper and Harwood, JJ., concur.