■ In the Matter of HARRY STERLING, Respondent, v JUDITH LEVITT, as New York City Personnel Director, et al., Appellants.—Judgment, Supreme Court, New York County (Myriam J. Altman, J.), entered August 10, 1989, which granted the petition to compel respondents to provide petitioner with back pay for the period during which the respondents had disqualified him from employment, unanimously affirmed, without costs.

Respondents' determination that petitioner lacked the requisite experience for the position of stockhandler, to which he had been permanently appointed by the New York City Department of Sanitation, resulted in his disqualification. Subsequently, the Civil Service Commission reversed on the ground that there existed credible evidence that petitioner satisfied the necessary experience requirements of the position. Petitioner was reinstated with full benefits, including seniority and sick pay, but was denied back pay by respondents Department of Sanitation and Department of Personnel.

Respondents' position that petitioner is not entitled to the remedy of back pay, pursuant to Civil Service Law § 77, without a demonstration that his deprivation of employment arose out of respondents' "bad faith", is without merit. Neither the statute nor authorities requires bad faith as a predicate. All that need be shown is that petitioner's loss of employment was wrongful in that it violated his rights in law or contract. *(See, Warner v Board of Educ.,* 14 AD2d 300, *affd* 12 NY2d 924.)* As respondents wrongfully interfered with petitioner's rights under the Civil Service Law, he is entitled to the remedy of back pay *(Mauro v Village of Freeport,* 143 AD2d 75, *lv denied* 73 NY2d 702). Concur—Carro, J. P., Asch, Kassal and Smith, JJ.