■ In the Matter of DEPARTMENT OF PERSONNEL OF THE CITY OF NEW YORK et al., Appellants, v NEW YORK CITY CIVIL SERVICE COMMISSION et al., Respondents.—Order and judgment (one paper) of the Supreme Court, New York County (Harold Tompkins, J.), entered on July 24, 1989, which denied and dismissed petitioners' application pursuant to CPLR article 78 to annul a determination by respondent New York City Civil Service Commission to the extent that it awarded respondent Kevin White back pay and granted the cross petition by respondent Kevin White for full compliance, is unanimously affirmed, without costs or disbursements.

Respondent Kevin White was appointed to the New York City Housing Authority Police Department on January 24, 1985, after passing the civil service examination for that position and undergoing a series of medical and physical examinations. On May 30, 1986, respondent, despite having missed only one day's work as a result of illness, was terminated from his job on the ground that (1) he had failed to provide pertinent information concerning some old physical injuries on his employment application and medical questionnaire, and (2) the Housing Authority's orthopedic surgeon claimed that he was a poor medical risk for prolonged service apparently based upon his mistaken belief that White had an extra kidney. Respondent thereafter filed an administrative appeal, in the course of which an evidentiary hearing was conducted, following which the New York City Civil Service

Commission reversed his disqualification from Housing Authority Police Department, and, indeed, the record of this matter supports the finding that his termination was unjustified. Further, the Commission not only mandated that White be restored to his previous position but also that he be accorded back salary for the period following his dismissal minus any compensation which he might have earned in other occupation or unemployment insurance benefits. It should be noted that notwithstanding the order that respondent be returned to service within 30 days of the date of the determination, this was not accomplished until nearly three times that length of time had elapsed.

The instant proceeding, as well as this appeal, does not involve the propriety of White's termination and the directive that he be restored to his position. By failing to challenge the administrative ruling insofar as it relates to respondent's dismissal, it appears that petitioners concede that the initial decision to terminate him was wrongful. However, they do contest the award of back pay and, therefore, the Civil Service Commission's authority to compel such relief is the basis for the dispute herein. In that regard, it should be noted that the New York Court of Appeals, in *Matter of Garayua v New York City Police Dept.* (68 NY2d 970, 972), involving a situation which is factually indistinguishable from the matter herein, stated that: "Having fully taken part in this proceeding, the agency and personnel director charted their own procedural course and cannot now be heard to complain because the Civil Service Commission made findings and exercised its own discretion on the basis of the facts placed before it. At this point, all that a reviewing court may do is examine the Commission's determination to ensure that its discretionary determination with respect to the penalty was not so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Inasmuch as the Commission's decision to direct Garayua's reinstatement was within the range of the rational conclusions that could be reached on the basis of the record before it, that decision must be upheld and obeyed."

Although Rose Garayua was reinstated with all due seniority pension rights and back pay, petitioners urge that her case is inapplicable to the one before us now since it was the Supreme Court, rather than the Civil Service Commission, which was responsible for the award of back pay and that, in any event, this issue was never litigated by the parties

therein. Nonetheless, the question of the Civil Service Commission's right to grant back pay to an employee wrongfully disqualified from his position was specifically considered by this court in *Matter of Sterling v Levitt* (168 AD2d 314, 315), wherein it was held that: "Respondents' position that petitioner is not entitled to the remedy of back pay, pursuant to Civil Service Law § 77, without a demonstration that his deprivation of employment arose out of respondents' 'bad faith', is without merit. Neither the statute nor authorities requires bad faith as a predicate. All that need be shown is that petitioner's loss of employment was wrongful in that it violated his rights in law or contract. *(See, Warner v Board of Educ.,* 14 AD2d 300, *affd* 12 NY2d 924.)* As respondents wrongfully interfered with petitioner's rights under the Civil Service Law, he is entitled to the remedy of back pay *(Mauro v Village of Freeport,* 143 AD2d 75, *lv denied* 73 NY2d 702)."

While it is true that respondent herein, in common with Rose Garayua but unlike Harry Sterling, was a probationary employee at the time of his disqualification, his termination was not effectuated on the basis of his probationary status, and petitioners do not claim that the authority of the Civil Service Commission to direct back pay is different with respect to probationary than it is in the instance of nonprobationary employees. Instead, they assert that the Commission simply does not possess the power to make such an award in the absence of expressed statutory or constitutional provision for such a remedy. Yet, the court in *Matter of Sterling v Levitt (supra)* considered and rejected precisely this argument. Indeed, the Court of Appeals in *Matter of Garayua v New York City Police Dept. (supra)* upheld petitioner's reinstatement with full seniority, pension rights and back pay notwithstanding that she was a probationary employee at the time of her termination. In addition, *Matter of Frasier v Board of Educ.,* (71 NY2d 763), cited by petitioners herein, does not concern the wrongful disqualification of an employee but the right of the Board of Education, under Education Law § 2573 (1) (a), to terminate a probationary teacher at any time or for any reason unless that termination is for a constitutionally impermissible purpose, violative of a statute, or done in bad faith. Consequently, that case is not relevant to the present situation.

Finally, it should be pointed out that without the right to recover back pay for an improper disqualification, a wrongfully discharged employee has absolutely no remedy against the city's belatedly reinstating him despite the existence of an

order mandating a prompt return to service. Thus, petitioners failed to comply with the Civil Service Commission directive that respondent be reinstated within 30 days, and had they delayed for even much longer than three months—for a year, for instance—under petitioners' scenario, he still would not have been entitled to relief because back pay would remain unattainable. Such unlimited discretion on the part of the Department of Personnel to wrongfully disqualify employees and then take its time to comply with orders compelling reinstatement, all without having to make payments for the loss in salary or wages due to no fault of the employees concerned, is hardly what the law envisions or, indeed, mandates. Concur—Kupferman, J. P., Sullivan, Carro and Milonas, JJ.