■ In the Matter of GEORGE GREINER, Petitioner, v GREENE COUNTY DEPARTMENT OF FIRE PREVENTION AND CONTROL, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Greene County) to review a determination of respondent which terminated petitioner's employment as a fire dispatcher for Greene County.

Petitioner was employed by Greene County as a fire dispatcher and part-time Deputy Sheriff and fire investigator. In the course of the investigation of a suspicious fire on October 13, 1989, petitioner retained possession of a .22-caliber handgun found among other evidence gathered at the fire scene. After the handgun was reported as stolen, petitioner placed it in a flower bed in front of the Sheriff's office where it remained in plain view until he told another Deputy of its location several days later. Petitioner admitted the events to the Sheriff and was thereafter arrested and charged with criminal possession of stolen property in the fourth degree. Petitioner was suspended without pay effective October 31, 1989 and charged with misconduct based upon the felony arrest. The charges were sustained after a Civil Service Law § 75 hearing with the recommendation that petitioner be dismissed unless he was acquitted on the criminal indictment, in which event it was recommended that he be reinstated or placed upon a preferred eligible employee list. Respondent adopted the recommendations and dismissed petitioner, whereupon this CPLR article 78 proceeding was commenced seeking, *inter alia,* back pay and accrued benefits, unpaid earned salary and reinstatement.*

---

* Respondent's brief asserts that a Grand Jury returned a "no bill" against petitioner, which led to a subsequent CPLR article 78 proceeding in which petitioner sought reinstatement with back pay and benefits. Supreme Court decided that petitioner was entitled to reinstatement but, because dismissal was based upon misconduct even though found not to have been criminal, entitlement to back pay and benefits was precluded. However, the record in the instant proceeding does not include a judgment or final order

Petitioner principally argues that he had been under severe stress resulting from working several jobs, as manifested by altered behavior, memory loss and lack of concentration, which warranted proceedings pursuant to Civil Service Law §§ 72 and 73 rather than Civil Service Law § 75. The Hearing Officer rejected the defense of mental stress because of the contradictions in petitioner's written reports and his statement to the Sheriff. The record includes substantial evidence which fully supports the determination that knowing possession of a gun reported to be stolen and placing it in plain view accessible to the public was a violation of petitioner's official duties, constituting gross misconduct, gross irresponsibility and recklessness. We find no basis upon which to disturb that determination.

We reach a contrary conclusion with respect to petitioner's entitlement to salary earned for work from October 25, 1989 to October 31, 1989 and back pay and benefits for the period from November 30, 1989 (30 days following his suspension) to May 20, 1990, when he was dismissed. Respondent's contention that petitioner requested a leave of absence is without either basis in the record or merit, inasmuch as the Greene County Administrative Manual permits leaves of absence only upon approval of the County Administrator which was not granted here (see, Matter of Sigle v Slavin, 161 AD2d 644, 645-646, lv dismissed 76 NY2d 1018; Matter of Currier v Clifford, 159 AD2d 1002, 1003; Hansen v City of Gloversville, 134 AD2d 657, 658). Petitioner is therefore entitled to salary and benefits for the two periods of time set forth above.

We reject petitioner's contention that the measure of punishment was excessive. Petitioner was a public safety official entrusted with protection of his community and not only improperly retained a firearm found at the scene of a fire, but thereafter deliberately left it where it could be taken by any person and misused for criminal purposes. We find petitioner's remaining contentions lacking in merit.

Mahoney, P. J., Yesawich Jr., Levine and Harvey, JJ., concur. Adjudged that the determination is modified, without costs, by remitting the matter to respondent for further proceedings not inconsistent with this court's decision, and, as so modified, confirmed.

in that proceeding, preventing consideration of its effect by this court. Supreme Court's decision in the subsequent proceeding, addressing events following those contained in the instant record, contains no apparent inconsistencies with the issues resolved herein.