■ In the Matter of GEORGE GREINER, Appellant-Respondent, v GREENE COUNTY DEPARTMENT OF FIRE PREVENTION AND CONTROL, Respondent-Appellant.—Yesawich Jr., J. Cross appeals from a judgment of the Supreme Court (Cobb, J.), entered September 10, 1991 in Greene County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* compel respondent to reinstate petitioner to his former employment as a fire dispatcher for Greene County.

The facts of this case are set forth in detail in a prior proceeding *(see, Matter of Greiner v Greene County Dept. of Fire Prevention & Control,* 177 AD2d 907). In brief, petitioner, a fire dispatcher and part-time fire investigator and Deputy Sheriff, was charged with misconduct when he wrongfully retained possession of a firearm found at the scene of a fire. The charges were sustained and respondent adopted the Hearing Officer's penalty recommendation that petitioner be dismissed from his position provided that, if he were subsequently acquitted of pending criminal charges involving the same incident, he would be reinstated or placed on a preferred eligible employee list. Reinstatement was to be allowed only if there was a "not guilty verdict or judgment"; it was not enough if the charges were merely reduced, a plea bargain entered, or a decision made by the District Attorney not to prosecute. After evaluating the evidence, the Grand Jury decided not to indict petitioner; a "no bill" was returned. Although respondent contends that this was in effect a decision not to prosecute, Supreme Court, with whom we agree, found it to be the equivalent of a "not guilty" verdict.

To obtain an indictment, the People need only present a prima facie case that a defendant committed the crime charged; proof beyond a reasonable doubt is not required *(see,*

*People v Mayo,* 36 NY2d 1002, 1004). Where, as here, this lesser standard is not met, it "must be taken as establishing as a fact that the evidence was not of sufficient credible worth to warrant a prosecution" *(People v Dykes,* 86 AD2d 191, 195), and thus that it could not support a conviction. There is no evidence to support respondent's assertion that the District Attorney's office was intentionally lax in marshaling the proof, so as to render the Grand Jury proceeding a sham.

We disagree, however, with Supreme Court's refusal to award petitioner back pay from the time the first vacancy arose after the charges were dismissed against him (Oct. 15, 1990) until he was reinstated pursuant to the court's judgment (Nov. 1, 1991). By failing to reinstate petitioner to the first available position, respondent effectively subjected him to an "unlawful removal" (Civil Service Law § 77) and he was therefore entitled to the remedy of back pay from that point until his reinstatement *(see, Mauro v Village of Freeport,* 143 AD2d 75, *lv denied* 73 NY2d 702; *see also, Matter of Sterling v Levitt,* 168 AD2d 314, *lv denied* 77 NY2d 810).

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as denied petitioner back pay; matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.