■ In the Matter of ROBERT L. STITT, JR., Respondent, v JAMES W. MCMAHON, as New York State Police Superintendent, et al., Appellants. [666 NYS2d 253] —Spain, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered September 3, 1996 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Superintendent of State Police denying petitioner's application for reinstatement to his position as a State Trooper.

In June 1991 petitioner, a Sergeant with the State Police, suffered a back injury while loading a spare tire into the trunk of his police vehicle; as a result, petitioner ceased working and was granted leave with full pay. Thereafter, petitioner exhausted the maximum allowable leave time permitted, which included paid and unpaid leave as well as accrued sick time; this resulted in his termination from his position on April 5, 1995. Previously, in March 1995, petitioner's application for State Police disability retirement benefits was denied on the ground that he was not permanently disabled. In June 1995, petitioner applied for reinstatement to his position, claiming to be physically fit to perform the duties of a State Trooper. In support of his request petitioner submitted the June 1, 1995 certification of Ralph Parisi, a physician, indicating petitioner's fitness to return to full and active duty. Petitioner also submitted two decisions of the New York State and Local Police and Fire Retirement System denying his application for disability retirement benefits on the ground that he was not permanently incapacitated. On September 15, 1995, following review of the nearly four years of medical evidence presented, respondent Superintendent of State Police determined that petitioner was not fit to perform the duties of a State Trooper and denied his request for reinstatement. Petitioner commenced this CPLR article 78 proceeding challenging the Superintendent's determination. Supreme Court annulled the determination finding, *inter alia*, that it was arbitrary and capricious, in part because many of the medical evaluations which found a disability were not based upon objective findings. Respondents appeal, contending that Supreme Court erroneously substituted its judgment for that of respondents.

We reverse. Most of the medical evaluations made during the four-year period leading up to the Superintendent's determination indicate that petitioner suffered from a mild partial disability; many of these reports conclude that petitioner would

only be able to perform light work duty, a regimen not available to a State Trooper. Notably, out of 19 separate evaluations made, only two doctors, Theodore Rusnack in March 1993 and Parisi in June 1995, concluded at the time of their reports that petitioner was fit for full duties as a State Trooper.* The most recent evaluation in the record was made after petitioner applied for reinstatement; David Koretz, an orthopedic surgeon, examined petitioner on July 12, 1995 and notes the presence of a "mild partial disability" and concludes that petitioner "should be able to return to full duty within 45 days". Although it is undisputed that petitioner did not suffer from a herniated disc, his MRI has been interpreted as indicating a mild disc bulge at L4-5 and L5-S1, with some arthritic changes at L5-S1.

"It is well settled that a court may not substitute its judgment for that of the [official] it reviews *unless* the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion" (*Matter of Diocese of Rochester v Planning Bd.*, 1 NY2d 508, 520 [emphasis in original]). In our view, the Superintendent's determination that petitioner was not medically fit to perform the strenuous duties of a State Trooper, notwithstanding Koretz's conclusion and the other medical evidence to the contrary, was a reasonable exercise of his discretionary power. Upon our review of all of the medical evidence in the record, we conclude that there was a rational basis for the Superintendent's determination and, further, that such determination was not arbitrary and capricious (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-231; *Matter of Sauer v Connelie*, 71 AD2d 770, *affd* 50 NY2d 858; *see also*, CPLR 7803 [3]; *Matter of Zigarelli v New York State Police*, 126 AD2d 822, *lv denied* 69 NY2d 611; *Matter of Reidy v Connelie*, 82 AD2d 986). Accordingly, we are compelled to reverse Supreme Court's judgment and dismiss the petition.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.

---

* Rusnack's March 1993 evaluation reflects that he reviewed petitioner's medical records and describes, in narrative form, his examination. However, Parisi merely checked a box on a pre-printed form indicating that he examined petitioner and found him to be fit for State Police duty. The form, which is signed by Parisi, contains no narrative which might support the basis for his conclusion.