■ In the Matter of JAMES V. SARTO, Appellant, v JEFFREY A. WHITTEMORE, as Personnel Officer, Herkimer County Personnel Department, et al., Respondents. [842 NYS2d 797]—

Appeal from a judgment (denominated order) of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered May 10, 2006 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law with costs, the petition is reinstated and the matter is remitted to respondents for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, reinstatement to his position as a motor equipment operator with the City of Little Falls. Petitioner had sustained a work-related injury in August 2003 and was receiving disability benefits when he was terminated from his position in December 2004. Petitioner timely applied for reinstatement to his former position within one year pursuant to Civil Service Law § 71, asserting that he had sufficiently recovered from his injury to return to work.

Supreme Court erred in dismissing the petition and instead should have directed respondents to comply with Civil Service Law § 71 by selecting a medical officer to conduct a medical examination of petitioner in order to determine whether he "is physically and mentally fit to perform the duties of his . . . former position" and, if so, to certify that he is physically and mentally fit to perform those duties. Respondents failed to comply with the statute inasmuch as they relied only on past medical records in refusing to reinstate petitioner to his former position. Respondents' further contention that the issue of reinstatement is moot because petitioner's former position has been filled is without merit. Pursuant to Civil Service Law § 71, "[i]f no appropriate vacancy shall exist to which reinstatement may be made . . . , the name of such person shall be placed upon a preferred list for his or her former position, and he or she shall be eligible for reinstatement from such preferred list for a period of four years."

We therefore reverse the judgment, reinstate the petition and remit the matter to respondents for compliance with Civil Ser-

vice Law § 71. Present—Gorski, J.P., Smith, Centra, Fahey and Pine, JJ.