In the Matter of RICHARD LAZZARI, Respondent, v TOWN OF EASTCHESTER et al., Appellants, and PAULA REDD ZEMAN, as Commissioner of the Westchester County Department of Human Resources, et al., Respondents. [928 NYS2d 76]—

The appeal from the order must be dismissed, as no appeal lies as of right from an order made in a proceeding pursuant to CPLR article 78 (*see* CPLR 5701 [b] [1]), and any possibility of taking a direct appeal therefrom terminated with the entry of the judgment in the proceeding. The issues raised on the appeal from the order are brought up for review on the appeal from the judgment (*see Matter of Aho*, 39 NY2d 241, 248 [1976]).

The Supreme Court properly determined that the County of Westchester Department of Human Resources (hereinafter the DHR) fully complied with Civil Service Law § 71 in directing the Town of Eastchester to reinstate the petitioner to his former positions as Assistant Building Inspector and Deputy Building Inspector. Pursuant to the statute, an employee such as the petitioner, who has been "separated from the service by reason of a disability resulting from occupational injury or disease as defined in the workmen's compensation law," may be reinstated to his or her former position if, after an independent medical examination conducted by a medical officer selected by the municipal commission "having jurisdiction over the position last held by [the] employee," such medical officer certifies that the employee is "physically and mentally fit to perform the duties of his or her former position" (Civil Service Law § 71). Here, the DHR selected a medical officer who, after an independent medical examination, certified that the petitioner was medically fit to perform the duties of his former positions. Contrary to the contention of the Town of Eastchester and the Town Board of the Town of Eastchester (hereinafter together the Town defendants), the statute does not require that the municipal commission, here the DHR, provide the municipal employer with the medical officer's certification as to the employee's medical fitness or the medical report on which the medical officer based the certification. In view of the foregoing, the Supreme Court properly granted the petition and directed that the Town defendants reinstate the petitioner to his former positions.

The Supreme Court also correctly determined that the petitioner was entitled to back pay, retroactive to December 18, 2007, pursuant to Civil Service Law § 77 (*see Matter of Grenier v Greene County Dept. of Fire Prevention & Control*, 188 AD2d 880, 881 [1992]).

The Town defendants' remaining contentions are without

merit or need not be reached in light of our determination. Rivera, J.P., Florio, Austin and Cohen, JJ., concur.