[981 NE2d 777, 958 NYS2d 76]

In the Matter of RICHARD LAZZARI, Respondent, v TOWN OF EAST-CHESTER et al., Appellants, and PAULA REDD ZEMAN, as Commissioner of the Westchester County Department of Human Resources, et al., Respondents.

Argued October 10, 2012; decided November 27, 2012

## POINTS OF COUNSEL

*Law Office of Vincent Toomey*, Lake Success (*Vincent Toomey* and *Christine A. Gaeta* of counsel), for appellants. I. Civil Service Law § 71 requires that certification by a medical officer of fitness for duty be provided to the municipality subject to the reinstatement order. (*Matter of Allen v Howe*, 84 NY2d 665; *Matter of Sarto v Whittemore*, 43 AD3d 1343; *Matter of City of New York v New York City Civ. Serv. Commn.*, 6 NY3d 855;

*Greuling v Breakey*, 56 AD2d 540; *St. Clare v Cattani*, 128 AD2d 766; *Matter of Dutchess County Dept. of Social Servs. v Day*, 96 NY2d 149; *Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75; *Yatauro v Mangano*, 17 NY3d 420; *Matter of Washington Post Co. v New York State Ins. Dept.*, 61 NY2d 557; *Matter of Fink v Lefkowitz*, 47 NY2d 567.) II. The Town of Eastchester was not required to reinstate Richard Lazzari or otherwise challenge Westchester County Department of Human Resources' actions since the Department of Human Resources failed to comply with Civil Service Law § 71 or take enforcement action against the Town. (*Matter of Stitt v McMahon*, 244 AD2d 811; *Matter of Diaz v New York State Off. of Mental Health*, 188 AD2d 903.) III. This matter should have been dismissed or remanded to the Westchester County Department of Human Resources for a new determination and certification of Richard Lazzari's fitness to return to duty under Civil Service Law § 71. (*Matter of Steen v Governor's Off. of Empl. Relations*, 1 AD3d 644; *Matter of Mandle v Brown*, 4 AD2d 283; *Matter of Skorin-Kapov v State Univ. of N.Y. at Stony Brook*, 281 AD2d 632, 96 NY2d 720; *Matter of Ronga v Klein*, 23 Misc 3d 1103[A], 2009 NY Slip Op 50563[U]; *Greystone Mgt. Corp. v Conciliation & Appeals Bd. of City of N.Y.*, 94 AD2d 614, 62 NY2d 763; *Matter of Rocco v Board of Trustees, Police Pension Fund, Art. II*, 98 AD2d 609, 62 NY2d 803; *Burke's Auto Body v Ameruso*, 113 AD2d 198; *Matter of Hordes v McGoldrick*, 282 App Div 743.) IV. The lower courts erred in determining that an employee who was lawfully terminated under Civil Service Law § 71 is entitled to back pay under Civil Service Law § 77, which applies only in cases of unlawful termination. (*Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v Brookhaven-Comsewogue Union Free School Dist.*, 87 NY2d 868; *Matter of Sterling v Levitt*, 168 AD2d 314, 77 NY2d 810; *Matter of Ortiz v Lesser*, 88 AD2d 1105; *Matter of Mullane v McKenzie*, 269 NY 369, 270 NY 563; *Matter of Rotkiewicz v Department of Mental Hygiene of State of N.Y.*, 283 App Div 458; *Matter of Sweeney v Donovan*, 1 Misc 2d 125; *Matter of City of Lackawanna [AFSCME, AFL-CIO Local Union No. 1205]*, 98 Misc 2d 712; *Matter of Ranni v Berger*, 52 AD2d 607, 39 NY2d 710; *Matter of Brayer v Lapple*, 52 AD2d 1034; *Matter of Carnibucci v New York State Exec. Dept. Div. for Youth*, 223 AD2d 843.) V. The courts below erred in denying the Town of Eastchester's motion for leave to seek discovery because this matter cannot be fully and fairly adjudicated without the production of certain materials and necessary documents. (*Matter*

*of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-
CIO v Port Washington Union Free School Dist.*, 16 Misc 3d
202; *Matter of Yarbough v Franco*, 95 NY2d 342; *Allen v Crowell-
Collier Publ. Co.*, 21 NY2d 403; *Constantino v Dock's Clam Bar
& Pasta House*, 60 AD3d 612; *Zegarelli v Hughes*, 3 NY3d 64;
*DiMichel v South Buffalo Ry. Co.*, 80 NY2d 184; *Tai Tran v
New Rochelle Hosp. Med. Ctr.*, 99 NY2d 383; *Matter of Town of
Pleasant Val. v New York State Bd. of Real Prop. Servs.*, 253
AD2d 8; *Matter of Town of Wallkill v New York State Bd. of
Real Prop. Servs.*, 274 AD2d 856, 95 NY2d 770; *Rios v Donovan*,
21 AD2d 409.)

*James M. Rose*, White Plains, for Richard Lazzari, respon-
dent. I. The Town of Eastchester's point I is based upon an
incorrect definition of certified, to whom a doctor must certify,
and a misunderstanding of the applicable case law. (*Matter of
Estanluards v American Museum of Natural History*, 53 AD3d
991; *Matter of Sarto v Whittemore*, 43 AD3d 1343; *Matter of City
of New York v New York City Civ. Serv. Commn.*, 6 NY3d 855;
*Matter of Yong-Myun Rho v Ambach*, 74 NY2d 318; *Matter of
Cortlandt Nursing Home v Axelrod*, 66 NY2d 169.) II. Point II
of the Town of Eastchester's brief is premised upon the incor-
rect assumption that no certification exists. (*Matter of Muzzillo
v Mount Vernon Civ. Serv. Commn.*, 238 AD2d 425; *Matter of
Arnold v Erie County Med. Ctr. Corp.*, 59 AD3d 1074; *Matter of
Kaur v New York State Urban Dev. Corp.*, 15 NY3d 235; *Matter
of Vann v Callahan*, 16 AD3d 849.) III. The argument made at
point III of the Town of Eastchester's brief is based upon the
same faulty premise as point I and for that reason lacks merit,
and is time-barred. (*Matter of Steen v Governor's Off. of Empl.
Relations*, 1 AD3d 644.) IV. Richard Lazzari is entitled to be
reinstated to his position with full back pay and benefits. (*Mat-
ter of Greiner v Greene County Dept. of Fire Prevention &
Control*, 188 AD2d 880; *Matter of Civil Serv. Empls. Assn., Lo-
cal 1000, AFSCME, AFL-CIO v Brookhaven-Comsewogue Union
Free School Dist.*, 87 NY2d 868; *Matter of Department of Person-
nel of City of N.Y. v New York City Civ. Serv. Commn.*, 169 AD2d
597; *Jones v City of Buffalo*, 178 NY 45; *Matter of Carnibucci v
New York State Exec. Dept. Div. for Youth*, 223 AD2d 843; *Mat-
ter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO
[State of New York]*, 273 AD2d 668; *Matter of Antonopoulou v
Beame*, 32 NY2d 126; *Pauk v Board of Trustees of City Univ. of
N.Y.*, 68 NY2d 702.) V. The determination of the court below
that discovery would be untimely and pointless and was barred
by the statute of limitations was correct. (*Matter of De Milio v*

*Borghard,* 55 NY2d 216; *Matter of Queensborough Community Coll. of City Univ. of N.Y. v State Human Rights Appeal Bd.,* 41 NY2d 926; *Zuley v Elizabeth Wende Breast Care, LLC,* 82 AD3d 1673; *People v Clark,* 82 AD3d 1674.)

*Robert F. Meehan, County Attorney,* White Plains (*Thomas G. Gardiner* and *James Castro-Blanco* of counsel), for Paula Redd Zeman and another, respondents. I. The medical officer's certification of Richard Lazzari's fitness to Westchester County satisfied the requirements of section 71 of the Civil Service Law and the correspondence of December 18, 2007 to the Town of Eastchester Supervisor was the final determination of the County. (*Matter of City of New York v New York City Civ. Serv. Commn.,* 6 NY3d 855; *Matter of City of New York v City Civ. Serv. Commn.,* 60 NY2d 436; *Matter of Hughes v Doherty,* 5 NY3d 100; *Matter of Washington v Fischer,* 85 AD3d 1484; *Matter of Multari v Town of Stony Point,* 99 AD2d 838; *Matter of Estanluards v American Museum of Natural History,* 53 AD3d 991; *Matter of Sarto v Whittemore,* 43 AD3d 1343; *Matter of Stitt v McMahon,* 244 AD2d 811; *Matter of Grossman v McMahon,* 261 AD2d 54; *Matter of Sauer v Connelie,* 71 AD2d 770.) II. The Supreme Court properly denied the Town of Eastchester's motion seeking discovery of Westchester County's independent medical evaluation.

*John A. Mancini,* Albany, for New York State Conference of Mayors and Municipal Officials, amicus curiae. I. The lower courts erred when they determined that something other than the examining physician's certification of fitness satisfies the medical certification requirement of Civil Service Law § 71. II. Sound public policy should dictate that Westchester County's independent medical report relied upon in ordering Richard Lazzari's reinstatement should be released to the Town of Eastchester. (*Matter of Buffalo News v Buffalo Enter. Dev. Corp.,* 84 NY2d 488; *Matter of Snyder v Third Dept. Jud. Screening Comm.,* 18 AD3d 1100; *Matter of Fink v Lefkowitz,* 47 NY2d 567.)

## OPINION OF THE COURT

Chief Judge LIPPMAN.

The Town of Eastchester and Westchester County have squabbled in and out of court for five years over whether the County's Department of Human Resources was required to provide the Town with documentation of an employee's fitness

to resume work before the Town reinstated him to his position under Civil Service Law § 71. Without condoning the County's conduct in this dispute, we hold that when a civil service commission or department directs a municipal employer to reinstate an employee pursuant to a medical officer's determination of fitness under Civil Service Law § 71, the municipal employer must immediately reinstate the employee, and a challenge to such a determination must take the form of a CPLR article 78 petition.

In October 2006, Mr. Lazzari injured his neck, back, and both arms while performing his job duties. On previous occasions, he had injured his lower back, causing him to miss several days of work. Mr. Lazzari did not perform any work for the Town after suffering these most recent injuries.

Throughout Mr. Lazzari's absence, he was periodically examined by the Town's physician, at the Town's request. Approximately one year after the latest injuries, the doctor reported that he "[could] not authorize [his] return to full duty . . . if the employee will require continued ongoing treatment with prescription pain medications that were noted to me by Mr. Lazzari." That month, at the Town's request, Mr. Lazzari also underwent an independent medical examination by an orthopedic surgeon. After examining him, the surgeon reported that Mr. Lazzari "is currently not fit to perform the responsibilities of an assistant building inspector and it is unlikely that any dramatic change will allow him to return to this occupation in the near or distant future."

Based upon these two medical reports, the Town Comptroller notified Mr. Lazzari that pursuant to Civil Service Law § 71, his employment with the Town would be terminated effective November 16, 2007. Mr. Lazzari was further advised that he possessed certain reinstatement rights under Civil Service Law § 71 and was provided with a copy of the statute.

Soon thereafter, based on the required procedure in Civil Service Law § 71, Mr. Lazzari requested and obtained a review of his medical condition by the Westchester County Department of Human Resources (DHR).[1] DHR directed Mr. Lazzari to a physician selected by the department to make an independent determination as to whether Mr. Lazzari was medically able to perform the duties of his job.

---

1. The DHR was acting as a local municipal civil service commission pursuant to Civil Service Law §§ 15 and 17.

On December 18, 2007, the Deputy Commissioner of DHR notified the Town Supervisor that it had completed Mr. Lazzari's section 71 application for reinstatement as Assistant Building Inspector, including an independent medical evaluation to determine his fitness to perform the duties of that job. The Deputy Commissioner advised the Town that "[t]he examining physician has concluded in his written report provided to this department that Mr. Lazzari is able to perform [his job] duties" and "should be immediately restored to his position."

In response, the Town Supervisor requested from DHR a copy of the medical report, claiming that "[i]n light of the apparently conflicting medical opinions, we are concerned about Mr. Lazzari's safety and that the interests of the Town and its residents will be imperiled if [he] cannot effectively perform the essential functions of his position." In response, the County, by its Deputy Commissioner of Human Resources, advised the Town that it would not provide a copy of the requested report and reiterated that the Town should immediately reinstate Mr. Lazzari to his job as Assistant Building Inspector.

The Town Supervisor again wrote to DHR asserting that the Town was entitled to the medical report. The Deputy County Attorney communicated to the Eastchester Town Attorney that nothing in Civil Service Law § 71 required DHR to disclose the medical report, but the very words of Civil Service Law § 71 directly and clearly mandated that the Town immediately reinstate Mr. Lazzari in accordance with the County's direction.

In response, the Town's Special Counsel for labor and employment law matters wrote to the Deputy County Attorney, admitting that Civil Service Law § 71 "does not specifically require the release of the [medical] report" but asking for the Civil Service Commission to articulate the evidentiary basis for its determination and to turn over the medical report to demonstrate that basis. The County continued its refusal to turn over any documentation to the Town.

The Town neither reinstated Mr. Lazzari, nor brought a Freedom of Information Law (FOIL) or article 78 proceeding against the County to procure the medical documentation and/or challenge the County's determination under Civil Service Law § 71. Mr. Lazzari was forced to take the initiative, commencing this article 78 proceeding seeking to compel the Town to reinstate him. In August 2008, Supreme Court granted the petition

and ordered the Town to reinstate Mr. Lazzari, reasoning that "[i]gnoring the mandate of Civil Service Law § 71 is not the appropriate mechanism for questioning his condition or challenging the determination of [DHR]." The Town appealed.

In May 2009, the Appellate Division reversed for failure to join DHR as a necessary party and remitted for determination with DHR's participation (62 AD3d 1002 [2d Dept 2009]). Upon remittal to Supreme Court, the Town moved for discovery of the medical report. Supreme Court denied the Town's motion in December 2009, explaining that "[t]o order the discovery requested by the Town would only serve to invite argument in an area not authorized by law." The court reasoned that Civil Service Law § 71 does not provide for a challenge to the determination of the medical officer selected by the civil service commission or department and the only available remedy was for the Town to institute its own article 78 proceeding against DHR, which the Town failed to bring within the statutorily mandated time frame of four months. Thereafter, in an April 2010 judgment, the court granted the petition, reinstating Mr. Lazzari to his former position, this time also ordering the Town to compensate him with back pay in accordance with Civil Service Law § 77 calculated from December 18, 2007, the date of DHR's initial letter directing reinstatement. The Court criticized the Town again, with the same words it used in its initial decision in 2008, stating that "[i]gnoring the mandate of Civil Service Law § 71 is not the appropriate mechanism for questioning his condition or challenging the determination of [DHR]." The Town appealed, still refusing to reinstate Mr. Lazzari.

On Mr. Lazzari's second visit to the Appellate Division, more than two years later, the Court affirmed the judgment, concluding that Civil Service Law § 71 did not require DHR to provide the Town with medical certification or the underlying medical report (87 AD3d 534, 535 [2d Dept 2011]). In addition, the Appellate Division agreed that Mr. Lazzari was entitled to back pay, retroactive to December 18, 2007, pursuant to Civil Service Law § 77. We granted the Town leave to appeal and now affirm.

Civil Service Law § 71 states that an employee terminated for a job-related incident can apply for reinstatement if the disability should cease. The employee can apply to the civil service commission or department having jurisdiction over his last position "for a medical examination to be conducted by a medical officer selected for that purpose by such department or commission" (Civil Service Law § 71). The employee "shall be

reinstated" if "such medical officer shall certify that such person is physically and mentally fit to perform the duties" of the job (Civil Service Law § 71).

The Town argues that medical certification of fitness can only come from the examining physician and a mere statement by a non-doctor advising the municipal employer that the disabled employee has been found medically fit without the accompanying written medical certification and/or report does not satisfy Civil Service Law § 71. As the Appellate Division has recognized, it is the medical officer who certifies, and not the Civil Service Commission (*see Matter of Sarto v Whittemore*, 43 AD3d 1343 [4th Dept 2007] [holding that a local civil service commission who relied upon past medical records, rather than an independent medical examination, failed to comply with section 71 because the medical examiner, not the Commission, certifies fitness]).

Although Civil Service Law § 71 does not indicate to whom the certification must be made, read in context, it is clear that the certification is made to the Department of Human Resources acting as a civil service commission, the body that arranges for the examination and to whom the results of such an examination are reported. Indeed, the purpose of section 71 is to involve a neutral agency and a physician, independent of both the employee and the employer, with appropriate oversight. Accordingly, the letter from the Civil Service Commission, informing the Town that a medical officer had "certified" Mr. Lazzari fit to return to work, was sufficient under Civil Service Law § 71.

Nothing in the plain language of the statute suggests, much less requires, that a medical certification be in writing, or take any particular form. The Town attempts to invent such a requirement by pointing to other state and federal statutes and regulations regarding disability or fitness for duty that have been interpreted to require written medical certification from the examining physician consisting of the doctor's signed medical report. However, the Town undermines its own argument. In each statute or regulation cited by the Town (i.e., the Workers' Compensation Law, the Family and Medical Leave Act and the federal Department of Transportation's Drug Testing Regulations), it has been provided that a certification is a signed document by a medical examiner, and the reasons for requiring such an executed writing are explicated in each provision. For example, in Workers' Compensation Law § 13-a (4) (e), the certification is made so that it becomes "admissible medical

evidence" at a hearing.[2] The Legislature has included no such provision in Civil Service Law § 71.

■ The Town's choice to ignore the County's directive was also not an option contemplated by the Legislature. The Legislature intended for the determination of the medical officer to be final. There is no statutory construct for an administrative challenge, a hearing, or other means of protest, as both Supreme Court and the Appellate Division found. The Town has neither moved to obtain a copy of the medical officer's report of fitness pursuant to FOIL, nor, as Supreme Court noted, had it attempted to obtain it in the course of a timely article 78 proceeding brought to challenge DHR's directive as arbitrary and capricious.

The Town makes the untenable argument that because the medical report has been withheld from the Town in an arbitrary and capricious manner and in violation of section 71, the Town does not need to reinstate Mr. Lazzari. It also contends that without the certification, it does not yet have any obligation to challenge the County's determination in an article 78 proceeding. The Town relies on *Matter of Stitt v McMahon* (244 AD2d 811 [3d Dept 1997]), in which the Third Department upheld the Superintendent of State Police's refusal to reinstate an injured officer based upon the Superintendent's determination that the officer was not fit for duty because there were conflicting medical reports about the officer's medical fitness. The Town argues that this case is similar because it had two medical opinions about Lazzari which stated that he was unfit, and one conflicting medical opinion from the DHR to which the Town had no access.

This argument demonstrates the Town's misunderstanding of its role with respect to Mr. Lazzari and the County. *Stitt* does not apply. The Town's position is not analogous to that of the Superintendent of the State Police who, pursuant to law and regulation, "has wide discretion in all employment matters" (*see Matter of Grossman v McMahon*, 261 AD2d 54, 58 [3d Dept 1999]; Executive Law § 215 [3]; 9 NYCRR 488.1 [g]). This is not the case for the Town, a municipal employer, which does not have discretion regarding reinstatement determinations when a Civil Service Department, pursuant to Civil Service Law § 71,

---

2. The Town also makes vague reference to CPLR 2106, but it is inapt. The statement of a physician authorized under CPLR 2106 is an affirmation (to have the same effect as an affidavit), not a certification. CPLR 2105 does refer to a certification, but it is made by an attorney, not a physician.

has determined that a medical official has certified that the employee is fit to return to work and orders reinstatement. Civil Service Law § 71 does not give the Town the responsibility or power to police the performance of the County's statutorily mandated duties.

After five years of litigation, the County's refusal to give the Town a copy of the medical report, and the Town's refusal to ask for it under FOIL, remain unexplained. The County does not suggest that it would have any ground for rejecting a FOIL request. It seems that a bit more common sense and less stubbornness on either side could have avoided years of trouble and expense. Since the parties have chosen to litigate, however, we must resolve the dispute, and we do so in the County's favor.

■ On the issue of back pay, Civil Service Law § 77 provides that an "employee who is removed . . . and who thereafter is restored to such position by order of the supreme court, shall be entitled to . . . the salary or compensation which he would have been entitled by law to have received in such position but for such unlawful removal." The Town argues that because Mr. Lazzari was lawfully terminated and not unlawfully removed, and does not even challenge his initial termination, Civil Service Law § 77 does not apply. However, within the context of the statute there is no meaningful distinction between an unlawful removal and an unlawful refusal to reinstate, so Mr. Lazzari is entitled to back pay retroactive to the time the County directed the Town to reinstate him on December 18, 2007.[3]

Accordingly, the order of the Appellate Division should be affirmed, with costs.

PIGOTT, J. (dissenting). I dissent and decline the majority's invitation to go "through the looking glass" to a world where a municipal employer must, in blind faith, reinstate an employee under Civil Service Law § 71 without first receiving a certification

---

3. As additional authorization for the award of back pay under Civil Service Law § 77, Civil Service Law § 100 (1) (c) provides:

> "Any person entitled to be [on the certified payroll] and refused such certificate, or from whom salary or compensation is otherwise unlawfully withheld, may maintain a proceeding under article seventy-eight of the civil practice law and rules to compel the issuance of such certificate or the payment of such salary, or both, as the case may be."

Mr. Lazzari has been entitled to be on the certified payroll since the County directed his reinstatement and a back pay award could be based on this statutory provision as well.

from a medical officer that the employee is fit for duty. The majority berates the parties for "squabb[ling] in and out of court" (deservedly so), but, instead of interpreting section 71 in a manner that would lead to less litigation, it offers a solution that invites more by requiring a municipal employer to commence a CPLR article 78 proceeding against another municipality that should be assisting it to obtain the certification. Although section 71 does not state to whom the certification must be given, the only practical interpretation is that it should be given to the municipal employer, the entity ultimately responsible for the consequences of an imprudent reinstatement.

As relevant here, Civil Service Law § 71 provides that an

> "employee may, within one year after termination of [a disability resulting from an occupational injury or disease], make application to the . . . municipal commission having jurisdiction over the position last held by such employee for a medical examination to be conducted by a medical officer selected for that purpose by such . . . commission. If, upon such medical examination, *such medical officer shall certify that such person is physically and mentally fit to perform the duties of his or her former position, he or she shall be reinstated to his or her former position*" (emphasis supplied).

According to the majority, the Westchester County Department of Human Resources (DHR) letter apprising the Town of Eastchester that the DHR-selected physician "evaluated" Mr. Lazzari and concluded he was fit for duty was sufficient for purposes of section 71. This is so notwithstanding the fact that the Town had two medical opinions in its possession indicating that Mr. Lazzari was not fit for duty.

The majority finds in favor of the DHR and Mr. Lazzari despite the fact that the County refused to provide the Town with medical certification as to Mr. Lazzari's fitness. In my view, submission of the certification to the Town by the DHR was a condition precedent to the Town's reinstatement of Mr. Lazzari. The only rational interpretation of section 71 is that the Town, as employer, is entitled to that certification. It is the Town that does the reinstating, and it is the Town that will bear the liability should such reinstatement prove erroneous and result in injury to either Mr. Lazzari or others. As such, because DHR never provided such certification, it never fulfilled its duty under section 71 and, therefore, there was no reason for the Town to

either reinstate Mr. Lazzari or commence an article 78 proceeding to obtain that certification. To that extent, I also disagree with the majority's conclusion that the Town "ignore[d] the County's directive" by not reinstating Mr. Lazzari (majority op at 223); DHR never sent the Town the certification, had no authority to issue a "directive" to the Town and therefore the Town had no obligation to reinstate him.

Although the majority correctly points out that section 71's purpose "is to involve a neutral agency and a physician, independent of both the employee and the employer, with appropriate oversight" (majority op at 222), that hardly justifies keeping the results of the examination secret from—and placing the onus of actually obtaining the certification on—the Town, whose interest in ensuring that its employees are fit for duty is just as great as an employee's interest in returning to his position.

It is well settled that section 71 "strike[s] a balance between the recognized substantial State interest in an efficient civil service and the interest in the civil servant in continued employment in the event of a disability" (*Matter of Allen v Howe*, 84 NY2d 665, 672 [1994] [citations omitted]). But the majority's interpretation of section 71 places the employee's interest in continued employment before that of the State's substantial interest in an efficient civil service by ordering the employee's reinstatement without the submission of any proof of the employee's fitness to serve. The only reasonable interpretation of the statute, and the only rational approach consistent with the policy approach delineated in *Allen*, is that the civil service department (or the appropriate civil service commission) select the medical officer to examine the employee, and, should that medical officer certify that the employee is fit to perform his or her duties, the municipal employer must reinstate that employee upon receipt of that certification. Under the majority's holding, the Town must commence an article 78 proceeding without knowing DHR's basis for reinstatement. On its face, then, a blanket demand by the DHR that the Town reinstate Mr. Lazzari without any basis for doing so is the textbook definition of arbitrary and capricious.

Finally, the majority posits that, in addition to bringing an article 78 proceeding, the Town could have filed a FOIL request seeking a copy of the medical officer's report (majority op at 223). In another trip down the rabbit hole, the County does not suggest that it would have *any* ground for rejecting a FOIL request by the Town (majority op at 224). By applying for a

medical examination and seeking reinstatement, however, Mr. Lazzari has placed his physical condition in issue (*see e.g. Dillenbeck v Hess*, 73 NY2d 278, 287-288 [1989]), and, in my view, the Town was entitled to a copy of the medical officer's report and, and the very least, a certification, without having to commence a proceeding. Mr. Lazzari had no incentive to provide the Town with the medical officer's report or demand that the DHR provide the Town with the certification, as evidenced by the fact that he is now being handsomely rewarded with several years' back pay simply because neither party in control of the medical information thought it important that the Town be provided any basis for reinstatement other than a letter from a nonmedical bureaucratic agency stating, in sum and substance, that Mr. Lazzari must be reinstated because some unknown medical officer who may or may not have examined Mr. Lazzari concluded that he was fit to return to work. This, to me, is not compliance with section 71.

Judges CIPARICK, GRAFFEO, READ and SMITH concur with Chief Judge LIPPMAN; Judge PIGOTT dissents in a separate opinion.

Order affirmed, with costs.