Matter of Phillips v New York Citywide Admin. Servs. (2019 NY Slip Op 04658)





Matter of Phillips v New York Citywide Admin. Servs.


2019 NY Slip Op 04658


Decided on June 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2019

Renwick, J.P., Manzanet-Daniels, Gesmer, Kern, Singh, JJ.


9595 101413/15

[*1]In re Nicole Phillips, Petitioner,
v
New York Citywide Administrative Services, et al., Respondents.


Hegge & Confusione, LLC, New York (Michael Confusione of counsel), for petitioner.
Zachary W. Carter, Corporation Counsel, New York (Diana Lawless of counsel), for respondents.



Determination of respondent City of New York Financial Information Services Agency (FISA), dated April 1, 2015, upholding FISA's determination, dated September 14, 2013, placing petitioner on involuntary leave of absence pursuant to Civil Service Law § 72(5), and FISA's determination, dated June 17, 2015, terminating petitioner's employment pursuant to Civil Service Law § 73, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Carmen Victoria St. George, J.], entered May 3, 2018), dismissed, without costs.
The Department of Citywide Administrative Services (DCAS) did not improperly delegate its duty to select a medical officer pursuant to Civil Service Law § 72(1) to an outside entity (JurisSolutions). Civil Service Law § 72(1) provides, "When in the judgment of an appointing authority an employee is unable to perform the duties of his or her position by reason of a disability . . . the appointing authority may require such employee to undergo a medical examination to be conducted by a medical officer selected by the civil service department or municipal commission having jurisdiction." It does not specify any method that the municipal commission must use to select the medical officer, and nothing in the text prohibits DCAS from employing a procurement process to select the medical officer who will conduct the evaluation (see e.g. generally Matter of Lazzari v Town of Eastchester, 20 NY3d 214, 222 [2012]). Although JurisSolutions provides the doctors, DCAS maintains complete control over the selection process.
Petitioner's contention that the doctors that conducted her fit-for-duty evaluation were unqualified is not supported by the record, and the hearing officer's determinations concerning the doctors' credibility should not be disturbed (see Matter of Ariel Servs., Inc. v New York City Envtl. Control Bd., 89 AD3d 415, 415 [1st Dept 2011]).
Substantial evidence supports respondent's determinations. Petitioner's arguments ignore the hearing testimony and fail to address the detailed accounts of her behavior leading to her being placed on leave.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2019
CLERK